## Gallery v. The State.

1. Where death results from the unlawful use of a deadly weapon, the law by presumption imputes to the slayer an intention to kill; but where death does not result, intention to kill is not matter of legal presumption but matter for inference by the jury. Consequently, it narrowed the functions of the jury too much to instruct that "if under this indictment a killing had ensued and if the crime would have been murder, then the defendant would be guilty of assault with intent to murder." For the same reason it was error to charge that "if the defendant struck Craven with a

weapon likely to produce death, with malice, under such circumstances as make it murder, then it is immaterial whether he struck Craven on the head or any other part of the body ; if he struck him with a weapon likely to produce death, assaulted him under such circumstances that the law would deem it murder had death ensued, then he would be guilty of assault with intent to murder." The court should have left it to the jury as a question of fact whether under all the circumstances there was an intention to kill or not. *Patterson* v. *The State*, 85 *Ga.* 131; *Gilbert* v. *The State*, 90 *Ga.* 691. " Malice," where no killing takes place, does not necessarily include an intention to kill; it may coexist with an intention to hurt or injure and not go beyond. To intend even a slight personal injury and inflict it without excuse, will involve malice.

2. Killing another with a deadly weapon may be murder though there was in fact an intention not to kill. This is so because the law will, in the absence of excuse, presume or imply the intention to kill even when to do so is contrary to the actual fact. The purpose of the law is to hold the slayer responsible for the consequences of his act—not the consequences which might have ensued but those which did ensue. The main ground of the presumption is the killing itself. But where no killing occurs this ground is wanting. In such case to infer the intention as matter of law, would be to make the law draw the same conclusion from a part as from the whole of the necessary premises. In order for the law itself to imply or infer an intention to kill, there must be a killing. But the jury may, from the facts of the particular case, infer such intention though there be no killing. For the distinction between presumptions of law and presumptions of fact, see code, §3752. There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance.

3. On the subject of reasonable fear the charge was not erroneous. *Teal* v. *The State*, 22 *Ga.* 75.          *Judgment reversed.*
May 8, 1893.

Indictment for assault with intent to murder. Before Judge BARTLETT. Bibb superior court. November term, 1892.

Gallery was convicted of assault with intent to murder Craven, and a new trial was refused. In the motion therefor error is assigned on the following portions of the charge of the court, as well as upon those quoted in the first head-note :

" The law presumes that a man intends to do the reasonable results of his act; and if a man kill another by violence, and nothing more is shown, the law presumes that to be done with malice and to be murder; and if a man assault another with a weapon likely to produce death, intending to kill him or not caring whether he kills him or not, then that would be the malice under the law. If a man shoot in a crowd with a pistol loaded, although he may not intend to hit any particular person, that would be malice under the law. If a man assault another without provocation with a weapon likely to produce death, intending to inflict serious bodily harm on him or kill him, that would be malice under the law.

" It [the fears of a reasonable man] does not mean the fears of a coward or poltroon; it means the fears of a man reasonably courageous."

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra*.