## DOVER v. THE STATE.

1. The fact that some of the jurors constituting the panel for the trial of a felony case were summoned in an irregular way is no ground for a new trial, when such irregularity was known before trial and no objection was made to the panel.
2. Upon the trial of a person charged with the offense of murder, where the defense set up is that the accused was a member of the posse of an arresting officer, and that when he killed the deceased he was acting under the fears of a reasonable man that his life was in danger, a charge that in order for such fears to justify the killing they must have been the fears "of a reasonably courageous man, not the fears of a coward, but the fears of a brave man who wants to do his duty and is trying to do it," will not be held sufficient cause for ordering a new trial.
3. Where in such a trial there was evidence from which the jury might infer that the arresting officer was not actuated by a purpose to discharge his duty but had in mind a design to do a wrong to the deceased, as well as evidence warranting the inference that the members of the posse shared in the officer's unlawful intention, it was not error for the judge to instruct the jury, in effect, that they should weigh and take into consideration all the facts and circumstances tending to throw light on the motives and conduct of the officer; and that if the officer had an unlaw-

ful design and his associates shared in it, each would be accountable for the motives actuating them as a body:

4. Nor in such a case was it error for the judge to charge the jury as follows: "If you believe from the evidence in this case that the arrest could have been made and should have been made without taking the life of the party to have been arrested, it ought to have been done, and it was a crime to take his life."

5. The law as embodied in sections 70 and 71 of the Penal Code, and the law requiring that to justify the killing the danger must be urgent and pressing at the time, as embodied in section 73 of the Penal Code, may both be appropriately given in the same case, provided they are not confused or made applicable to the same theory or state of facts, that is, there may be in the same case one theory calling for instructions on the first subject and another theory calling for and making proper instructions on the latter subject  In the present case it does not appear that the judge confused these different branches of the law of homicide, or that any injury was done to the accused by giving in charge the law contained in section 73 of the Penal Code.

6. The charge as a whole was a correct exposition of the law of the case. The evidence amply warranted the verdict, and there was no error in refusing to grant a new trial.

Submitted December 4, 1899. — Decided January 24, 1900.

Indictment for murder. Before Judge Estes. Habersham superior court. September term, 1899.

*George P. Erwin* and *Howard Thompson*, for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.

CobB, J.  Dover was placed upon trial, charged with the offense of murder, and was convicted of voluntary manslaughter.  He made a motion for a new trial, which was overruled, and he excepted.

1. When the sheriff was making up the panel from which the jury to try this case was to be selected, the judge called upon four persons who were sitting in the court-room and asked each the following questions:  "What is your name? Are you related to Mr. Dover?"  He then said to the sheriff, "Why don't you put his name down as tales juror?"  The sheriff did take the names of such four persons and placed them upon the panel, and two of them were selected as jurors to try the case.  It seems that all this took place in the presence of the accused and his counsel, and that no objection was made at the time to the proceeding.  While the manner of

selecting these jurors was irregular, it is certainly not a ground for granting a new trial, when no objection was interposed until after the verdict had been rendered.

2. Complaint is made that the judge erred in charging the jury as follows: "The defendant claims in this case that the circumstances that surrounded him at the time of the shooting, if he did shoot, and it is admitted in this case that he did shoot; he claims that the circumstances that surrounded him at that time were sufficient to excite the fears of a reasonable man. I charge you, gentlemen of the jury, that means the fear of a reasonably courageous man, not the fears of a coward, but the fears of a brave man who wants to do his duty and is trying to do it." The error assigned upon the charge is, that the law does not require that the slayer should be a *brave* man, or that he should be actuated by the fears of a brave man; the law requiring only that the killing should be done under the fears of a *reasonable* man. In the case of *Teal* v. *State*, 22 *Ga.* 75, it was held that to justify the homicide the fears of the slayer should be those of a reasonable man — "one reasonably courageous, reasonably self-possessed, and not those of a coward." In the case of *Price* v. *State*, 72 *Ga.* 441, this court approved a charge on the subject of reasonable fears, which stated that such fears, in order to relieve the slayer, must be those of a "courageous man." In *Gallery* v. *State*, 92 *Ga.* 463, a charge on the subject now under consideration, that the law "means the fears of a man reasonably courageous," was held not to be erroneous. In the present case the judge charged the jury that the accused at the time of the killing must have been actuated by "the fear of a reasonably courageous man, not the fears of a coward"; then adding, by way of explanation of what was a reasonably courageous man, "the fears of a brave man who wants to do his duty and is trying to do it." We will not because of this charge reverse the judgment. We do not approve of the use of the word "brave" in this connection. A jury might understand it to imply something more than "reasonably courageous" or even "courageous." This opinion must not be regarded as a precedent sanctioning the employment of the term *brave* in a charge on reasonable fears. We simply hold that

in this particular case, as the accused was acting as a member of the posse of an arresting officer, the charge complained of is not cause for a new trial.

3, 4. The charges referred to in the 3d and 4th headnotes were certainly not erroneous. If the arresting officer and his posse used the authority which the law gave them, as a cloak to avenge the private grievance of one of the number, and all participated in this unlawful purpose, certain it is that the law would not allow a homicide committed by such party to be justified merely by the fact that the slayer was nominally, at the time of the killing, a member of the posse of the arresting officer. If the accused killed the deceased from motives of revenge, the fact that he was a member of the posse of the arresting officer would not avail him as a defense. It is certainly sound law, that if an arrest can be accomplished without taking human life, it is murder to take the life.

5. In the case of *Powell* v. *State*, 101 *Ga.* 9, Mr. Justice Little, in the opinion on page 26, in referring to sections 71 and 73 of the Penal Code, said: "It is entirely proper that these two sections of the code and these two theories of justifiable homicide should have been given in charge to the jury by the presiding judge in this case. It would not have been proper for him to have assumed, under the contentions raised, that this homicide occurred under circumstances which would make it justifiable under either one of the theories contended for; that was a question exclusively for the jury; and having been charged with the law applicable to justifiable homicide under the two theories, the jury could and would have applied the same according to the evidence as they believed it to be." It thus being clear that it was the duty of the judge to charge the law embraced in both sections, and it appearing from an examination of the record that the charge upon this subject was clear and explicit and not calculated in any way to confuse the jury, the assignments of error upon such portion of the charge must be held not to be well taken.

6. The foregoing deals with such of the assignments of error as require treatment at length. The charge as a whole was a correct exposition of the law of the case, and nothing in the

same has been brought to our attention which could be characterized as an error requiring the granting of a new trial. The evidence not only fully justified the jury in finding the accused guilty of voluntary manslaughter, but under the record before us a verdict for murder would not have been unwarranted. There was no error in refusing to grant a new trial.

*Judgment affirmed.　All the Justices concurring.*