## WILLIAMS v. THE STATE.

1. The evidence authorized the verdict.
2. Where the court declines to allow a question to be propounded to a witness on cross-examination, intended to elicit certain information, the refusal to allow the question is not ground for new trial where on further cross-examination the same information in substance is elicited from the witness.
3. A defendant was on trial for murder. The mortal wound was inflicted with a knife, the blade of which was broken in making the blow. The knife with part of the broken blade, and a piece of the blade which was broken off, were introduced in evidence. A witness was allowed to testify that the piece of the blade which was missing was about an inch and one half long. It further appeared that the witness's estimate of the length of the missing piece was based on an opinion deduced from the physical evidence exhibited to the jury. This testimony was inadmissible as being opinion evidence founded on data before the jury, from which they were as competent to draw conclusions as the witness; but the error in admitting it under the circumstances of the case was harmless.
4. The circumstance whether or not the decedent had a license to carry a pistol was irrelevant to any issue in the case.
5. This court can not review an instruction alleged to be erroneous, when the exception thereto does not set forth, literally or in substance, the language complained of, so as to convey a clear understanding of such instruction.
6. The charge defining the fears of a reasonable man as justifying the taking of life in self-defense, as being those of "a man reasonably courageous, reasonably self-possessed and not a coward," is not such as to require a new trial.

MAY 10, 1916.

Indictment for murder. Before Judge Thomas. Glynn superior court. March 4, 1916.

*John T. Powell* and *Frank H. Harris,* for plaintiff in error.

*Clifford Walker, attorney-general, J. H. Thomas, solicitor-general,* and *Mark Bolding,* contra.

EVANS, P. J. 1. Aaron Williams was convicted of the murder of Walter Newman. The scene of the homicide was a beer saloon in the city of Brunswick, and the killing occurred on Christmas night. The decedent had been appointed constable for a special service, and was engaged in a discussion with Herbert Bridges, a half brother of the accused, about arresting some people in a swamp. Both of the disputants were drinking and engaged in bandying opprobrious and profane epithets. While thus employed the accused, from behind, stabbed the decedent in the

12

neck and arm. Upon being cut the decedent staggered out of the saloon, and just before falling drew a pistol from his pocket, and brandished it towards the crowd, which had come out of the saloon. The evidence authorized a verdict of guilty of murder.

2. A clerk in the beer saloon, sworn as a witness by the prosecution, was asked, on cross-examination, "Your place was full up, wasn't it?" An affirmative answer was sought to be elicited for the purpose of showing her inability to observe the facts about which she testified. This testimony would seem to be proper, but the defendant was not hurt by its exclusion, as on further cross-examination he elicited from the witness that she was "behind the counter selling and delivering goods. The room was not real full,— I mean by that that it was not packed. I was collecting the money from purchasers and ringing it up in the cash register, and was kept pretty busy for a little while." The refusal to allow the question to be answered, under the special circumstances, does not require a new trial. *Bertody* v. *Ison*, 69 *Ga.* 317.

3. The force of the blow broke the blade of the knife. A witness testified that a piece of the broken blade fell from the body of the slain man as it was being removed, and another piece was found on the floor. Over objection the witness was allowed to testify, after examining the knife and one piece of the blade exhibited to him, that the missing piece of the blade was about an inch and a half long. It further appeared that his estimate of the missing piece was based on a comparison by fitting the piece of the blade he had with the piece of the blade attached to the knife. This testimony was an opinion. *Taylor* v. *State*, 135 *Ga.* 622 (70 S. E. 237). But its reception in evidence will not require a new trial, under the circumstances of the case.

4. The court refused to allow the ordinary of the county to testify whether the decedent had a license to carry a pistol. There was no error in this.

5. A ground of the motion for new trial is: "Because, taken as a whole, the court did not properly charge the law of manslaughter in said case, to say, so as to distinctly by his charge give the defendant just the same rights to a verdict of manslaughter which he would have had, had the rencounter in which Walter Newman was said to have been killed been confined solely to the defendant and Walter Newman, and in which Herbert Bridges was

not even present." The charge of the court is not in the record. There is no contention that the court did not charge on the law of voluntary manslaughter; the criticism being that the charge was not sufficiently specific on one phase of the case to which the law of voluntary manslaughter applied. The instruction of the court respecting voluntary manslaughter is not contained in any assignment of error. This court can not review an instruction alleged to be erroneous, when the exception thereto does not set forth, literally or in substance, the language complained of, so as to convey a clear understanding of such instruction. *So. Ry. Co.* v. *Dantzler,* 99 *Ga.* 323 (25 S. E. 606).

6. Exception is taken to this excerpt from the charge: "The court instructs you further that a mere fear on the part of the defendant that Walter Newman was manifestly intending or endeavoring by violence or surprise to commit a felony on his person or the person of his brother would not justify him in killing, but it must appear that the circumstances which surrounded the accused at the time of the killing, if you find that there was a killing, were sufficient to excite the fears of a reasonable man, a man reasonably courageous, reasonably self-possessed, and not a coward, that the deceased was manifestly intending or endeavoring by violence or surprise to commit a felony upon the defendant himself, or his brother, in order to justify him." The giving of this charge will not require a new trial. *Dover* v. *State,* 109 *Ga.* 485 (34 S. E. 1030); *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863).

*Judgment affirmed. All the Justices concur.*