SMOOT *v.* THE STATE.

GEORGE, J. 1. On the trial of one indicted for the offense of murder the court instructed the jury as follows: "If the State has proven these beyond a reasonable doubt, each and every one of these material allegations I have called your attention to, the defendant on trial will then be guilty of the offense of murder, and you should so say by your verdict." The ground of complaint is that the charge as given deprived the defendant of the benefit of the defenses urged by him upon his trial,

The charge followed a correct enumeration of the necessary and essential allegations ir the indictment, and a clear and lucid definition of the offense of murder. Elsewhere in the charge the defendant was given the benefit of every theory of defense raised by his statement or the evidence in the case. The charge is not subject to the criticism made.

2. Complaint is made of the following charge: "But the fears must be the fears of a reasonable man,—one reasonably self-possessed, one reasonably courageous; and not those of a coward." The ground of complaint is that "it limited the fears to a man reasonably self-possessed, —one reasonably courageous; while as a matter of law there is no such limitation, the law simply being the fears of a reasonable man." The instruction quoted is not cause for a new trial. *Williams* v. *State*, 145 *Ga.* 177 (6), 179 (88 S. E. 958); *Coleman* v. *State*, 141 *Ga.* 731 (5), 736 (82 S. E. 228).

3. Complaint is made of the following charge, relating to impeachment of witnesses: "It is for the jury to determine the credit to be given his testimony where impeached for general bad character or for contradictory statements out of court." The complaint is directed to the phrase "statements out of court," and it is contended that the use of this language deprived the defendant of the benefit of contradictory statements sworn to by the witnesses upon a previous trial of the same case. The criticism is without merit, and the further charges of the court on the subject of impeachment are not such as to require a new trial. *Powell* v. *State*, 101 *Ga.* 9 (5), 19 (29 S. E. 309, 65 Am. St. R. 277).

4. In one ground of the amended motion for new trial error is alleged on the charge relating to manslaughter, and it is insisted that the charge "mixed and mingled" the law of voluntary manslaughter and the law of mutual combat. The charge excepted to examined, and held to show no cause for reversal.

5. This is the second appearance of this case in this court. *Smoot* v. *State*, 146 *Ga.* 76 (90 S. E. 715). The evidence in the present record authorized the verdict, and the court did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*

No. 966.  August 14, 1918.

Indictment for murder. Before Judge Terrell. Spalding superior court. April 27, 1918.

*J. W. Culpepper* and *E. R. Clarkson*, for plaintiff in error.

*Clifford Walker*, attorney-general, *E. M. Owen*, solicitor-general, *J. J. Flynt*, and *M. C. Bennet*, contra.