WHEELER v. THE STATE.

No. 10154.   AUGUST 10, 1934.

W. J. Wallace, for plaintiff in error.

M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general, B. D. Murphy, J. T. Goree, and E. J. Clower, contra.

BELL, J. ■ The evidence tended to show that at the time of the homicide the defendant stated to the deceased that he had talked too much. Witnesses also testified to similar statements made by the defendant after the killing. The court admitted evidence that about two weeks before the killing "the prohibition officers came out and got the defendant" and placed him in jail on a charge of violating the prohibition law. The defendant objected

to this evidence, upon the ground that proof of one offense is not admissible upon a trial for an entirely different offense, unless the two offenses are connected in some manner, and that no such connection was shown in this case. The State contended that the evidence was admissible as tending to show as a motive that the defendant suspected the deceased of having reported him to the prohibition officers. Under all the evidence it was a question for the jury whether the transactions were connected on the basis of motive, and the court did not err in admitting the evidence complained of. *Wilson* v. *State*, 173 *Ga.* 275 (2) (160 S. E. 319). Furthermore, the admission of this evidence, if improper, would not require a new trial, since another witness was permitted to testify to substantially the same facts without objection. *Knorr* v. *Raymond*, 73 *Ga.* 749 (10) ; *Payne* v. *Miller*, 89 *Ga.* 73 (14 S. E. 926) ; *Waters* v. *Wells*, 155 *Ga.* 439 (4) (117 S. E. 322) ; *Herndon* v. *State*, 178 *Ga.* 832 (4) (174 S. E. 597).

■ The court charged the jury as follows: "When a homicide is proved, that is, when it has been proved a killing has taken place, and the evidence adduced to establish a killing shows neither excuse nor justification, malice will be presumed from proof of the homicide, but the presumption is rebuttable and may be overcome by evidence of alleviation or justification. That simply means where it has been proved a person has been killed, where the evidence shows that, and shows neither justification nor mitigation, then the presumption is that the killing is malicious; that presumption of course, can be rebutted by proof, but it would have to be rebutted by proof." This charge was excepted to upon the ground that it placed upon the defendant the burden of establishing his innocence by proof, whereas the burden was on the State to prove his guilt beyond a reasonable doubt. This charge was not erroneous for the reason assigned. *Miller* v. *State*, 94 *Ga.* 1 (2) (21 S. E. 128) ; *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934) ; *Tucker* v. *State*, 133 *Ga.* 470 (5) (66 S. E. 250) ; *Delk* v. *State*, 135 *Ga.* 312 (69 S. E. 541, Ann. Cas. 1912A, 105).

■ "A complete, accurate, and pertinent instruction is not within itself erroneous because it fails to embrace an instruction which would be appropriate in connection with the instruction given." *Peeples* v. *Rudulph*, 153 *Ga.* 17 (2) (111 S. E. 548). Under this

principle, special ground 3 of the motion for new trial is without merit.

■ The court gave to the jury the following charge upon the defense of reasonable fear: "A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed shall not be sufficient to justify the killing; it must appear that the circumstances were sufficient to excite the fears of a reasonable man and that the party killing really acted under the influence of those fears, and not in a spirit of revenge. To justify a homicide the fears of the slayer must be those of a reasonable man, one reasonably courageous, reasonably self-possessed, and not those of a coward. Under the law the killing must be viewed from the standpoint of a reasonably courageous man. If the defendant happens to be a man not reasonably courageous, then the killing can not be viewed from that standpoint. The law makes no discrimination for drunkards, cowards, or any other individual, but the circumstances must be such as to justify the fears of a reasonable man." It is complained that this charge was error, for the reason that it expressed an opinion that the defendant was not a reasonably courageous man, and was also susceptible of the construction that "no individual" could legally defend upon the ground of reasonable fears. These exceptions do not require a new trial. *Dover* v. *State,* 109 *Ga.* 485 (2) (34 S. E. 1030); *Coleman* v. *State,* 141 *Ga.* 731 (5) (82 S. E. 228); *Williams* v. *State,* 145 *Ga.* 177 (6) (88 S. E. 958).

■ In reference to reasonable fears, the court further charged the jury as follows: "The danger, or apparent danger, must be urgent and pressing to a reasonably courageous man acting at the time the blow was given, to justify the killing. The killing must be to prevent a real or apparent assault, not in revenge for past injury; in other words, the law requires that the danger, or apparent danger, must be urgent and pressing, and the killing must have taken place in order to prevent the apparent assault or injury, and not in a spirit of revenge." This charge was excepted to on the ground that it deprived the defendant of the defense "that at time of killing he was acting under fears of reasonable man, in that it is virtually an instruction that there must be some real danger, real danger must be existing or apparent at time of killing." Such was the gist of the assignment of error on this charge, al-

though it was extended and amplified by additional language in the motion for new trial. The exception is without substantial merit, and does not require the grant of a new trial. *Ellison* v. *State,* 137 *Ga.* 193 (73 S. E. 255).

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*
RUSSELL, C. J., and ATKINSON, J., concur in the judgment.