## 34268. ROGERS *v.* THE STATE.

Decided November 12, 1952.

*Colley & Orr,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General, Lawson E. Thompson,* contra.

GARDNER, P.J. ■ The court charged the jury on the question of mutual combat and as to self-defense, and likewise instructed the jury on reasonable fears and on homicide committed during sudden heat and passion. The court charged the jury that, in the case of mutual combat, the homicide would, under certain circumstances, be justifiable. The judge also charged that, under other circumstances, such homicide would be manslaughter, and he defined voluntary manslaughter. He charged fully on the question of the presence or absence of intent to kill and the effect thereof. The court did not define to the jury the grade of homicide known as involuntary manslaughter or charge the law thereon as embodied in Code §§ 26-1009 and 26-1010. The error especially assigned here is on the failure so to charge.

The defendant insists that it was error requiring a new trial, for the court, under the facts here, to fail to instruct the jury as to the law embodied in the above Code sections, for the reason that the stick with which the defendant struck the deceased was not introduced in evidence and that "the evidence adduced on the trial did not disclose the size, shape, weight, and character of the stick, and it being nowhere shown that the stick, which was hastily seized by movant (defendant), was an instrument the use of which would ordinarily produce death, it was error to fail to charge the law of involuntary manslaughter." While this stick does not appear to have been introduced, there was evidence in the record to the effect that the weapon with which the defendant inflicted the mortal wound upon the deceased by striking him on the back of his head was a stick about the size of the witness's arm (testimony of deceased's wife), and that the same was about three feet long and not quite as large as a man's wrist (testimony of Gartrell, one of defendant's witnesses). There was testimony to the effect that this stick was a fragment of a pecan-tree limb or branch.

In *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479), relied on by the defendant, there was a reversal of the trial judge for failing to charge the law relative to involuntary manslaughter. The court held: "Under one phase of the testimony the law of involuntary manslaughter in the commission of an unlawful act was involved in this case, and it was erroneous for the judge to fail to instruct the jury on this subject." The court stated: "The weapon used [which was a billiard cue] was before the jury and it was for them to determine, by an inspection of the weapon, whether it was one likely to produce death. The jury should have been fully instructed as to their duties in reference to this question; and the law applicable to any phase of the case resulting from their finding as to the character of the weapon should have been embraced in the instructions of the judge. If they found that the weapon used was one likely to produce death, in the manner in which it was used, then, if the accused was not justified under some rule of law in using the weapon in the manner and at the time at which he used it, he would be guilty of murder or of voluntary manslaughter, according to whether they believed that the blow was struck from

malice, or as a result of passion not brought about by words alone. If the jury should find that the weapon was one which would not ordinarily produce death, and therefore was not a deadly weapon, and the circumstances demonstrated to the satisfaction of the jury that there was no intention to kill, then, even though the blow was not justified, the accused would be guilty only of the offense of involuntary manslaughter. . . Under one view of the evidence the law of involuntary manslaughter in the commission of an unlawful act was certainly involved. It is not altogether clear that the lower grade of involuntary manslaughter was really involved in the case. The failure of the judge to instruct the jury upon the higher grade of involuntary manslaughter was such an error as constrains us to reverse the judgment refusing a new trial."

In *Greenway* v. *State*, 59 *Ga. App.* 461 (1 S. E. 2d, 217), relied upon by the defendant, this court held: "The evidence under one of its phases raises a doubt as to the intention of the defendant to kill, and the court committed reversible error in failing to charge, without request, the law of involuntary manslaughter in the commission of an unlawful act." The court stated: "We are of the opinion that the evidence authorized . . the jury to find that there existed such circumstances that, even though the blow was not justified, the accused was guilty only of the offense of involuntary manslaughter. . . One phase of the evidence tends to show that the defendant . . hastily picked up the rock and quickly struck the deceased *with no intent to kill* (as for instance, merely intending to commit an assault and battery upon him), and if the evidence failed to disclose that the rock was a deadly weapon, or was used in such a manner as would ordinarily have produced death, the defendant would be guilty of involuntary manslaughter." (Italics ours.) In the case at bar, however, the uncontroverted facts show that the defendant, when he struck the deceased down with the blow from this stick, about the size of a person's arm or wrist and about three feet in length, being the branch of a pecan tree, did so stating, "I will kill you, you s. o. b.," thereby expressing his intention to kill the deceased, using the stick in striking him in order to kill him. This was a direct declaration from the defendant showing his intent to kill. This case is

not, therefore, like the two cases relied upon. The law will presume intention to kill when the slayer unlawfully uses a deadly weapon. *Gallery* v. *State*, 92 *Ga.* 463 (17 S. E. 863). In the case under consideration, there was no need to presume intention by Lois Rogers to kill the deceased. He emphatically and vehemently expressed his intention, "I will kill you, you s. o. b.," as he inflicted the mortal blow with a stick about the size of a person's arm and about three feet long, a fragment of a limb or branch, of a pecan tree. The present case is controlled by *Conley* v. *State*, 21 *Ga. App.* 134 (94 S. E. 261), where the instrument used was a weapon with which death could be inflicted by striking a heavy blow and where the defendant struck the deceased and knocked him down, stating after he knocked him down, "I told you, God damn you, that I would kill you if you hit my mother." The court ruled that in such a case it was not error to fail to instruct on involuntary manslaughter in the commission of an unlawful act, the intent to kill appearing from the words used by the defendant at the time he struck the deceased. It follows that the special assignment of error is without merit.

■ The evidence supported the verdict of the jury that the defendant was guilty of voluntary manslaughter in hitting the deceased with this limb or stick. While there was evidence from which the jury could well have determined that the defendant killed in self-defense—that his slaying of the deceased was justified—the evidence did not demand such a finding. There is no merit in the general grounds of the defendant's motion for a new trial.

It follows that the trial judge did not err in denying a new trial to the defendant.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*