42905. YEOMANS v. THE STATE.

BELL, Presiding Judge. Defendant, having been tried and convicted of the offense of simple larceny, alleges that the court erred in refusing to allow two witnesses to testify where the rule for sequestration had been invoked and these witnesses had not been sworn and sequestered but remained in the courtroom and heard the testimony of the other witnesses. *Held:*

"Where witnesses have been separated at request of counsel, a person not sworn and sequestered, but who has remained in the courtroom and heard the testimony in the case, is still competent to testify as a witness in the cause. If he has been purposely kept in the courtroom in disobedience of

the orders of the court, with knowledge of the fact that he was to be used as a witness, the fact that he has heard the testimony goes to his credit . . . but it is error to refuse to allow him to testify, unless the party offering him has expressly waived the right to use the witness." *Palmer v. Stevens,* 115 Ga. App. 398 (6) (154 SE2d 803); *Best v. State,* 176 Ga. 46 (166 SE 772).

However, error without injury does not require the reversal of a judgment, and an appellant has the burden of showing error which has hurt him. *Brown v. City of Atlanta,* 66 Ga. 71, 76; *Taylor v. R. O. A. Motors,* 114 Ga. App. 671, 677 (152 SE2d 631). "No matter how competent a witness might be, a court will not grant a new trial merely because he was not allowed to testify. It must appear that the excluded testimony was material; and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion." *Griffin v. Henderson,* 117 Ga. 382, 383 (43 SE 712). If the defendant desired to complain of rulings of the court refusing to allow witnesses to take the stand and testify, in each instance he should have made an avowal of the evidence which he proposed to offer, in the absence of which this court cannot determine whether the testimony would have been material or that its rejection was sufficiently prejudicial to the defendant to warrant a reversal of the conviction. *Hall v. State,* 75 Ga. App. 101, 104 (42 SE2d 134), affirmed 202 Ga. 619 (44 SE2d 234).

*Judgment affirmed. Pannell and Joslin, JJ., concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 27, 1967—
REHEARING DENIED JULY 17, 1967.

*H. B. Edwards, Jr.,* for appellant.
*Marcus B. Calhoun, Solicitor General,* for appellee.