44597. MAHONE v. THE STATE.

BELL, Presiding Judge. 1. Defendant was indicted for the offense of murder and convicted of voluntary manslaughter. During the trial the investigating police officer testified on cross examination that he had made a report of his initial investigation, which he gave to city detectives, and that he had made notes, which he used to refresh his memory in a consultation with the district attorney prior to the trial. Defendant's counsel then made an oral motion seeking to require the district attorney to furnish to defendant copies of the notes and the report. It was not error to deny defendant access to the notes and report, which were confidential papers of the investigators. *Jackson v. State,* 112 Ga. App. 834 (4) (146 SE2d 541); *Adams v. State,* 34 Ga. App. 144 (1) (128 SE 924). There is no law in Georgia that gives to the defendant in a criminal case the right to inspect the file of the district attorney. *Walker v. State,* 215 Ga. 128, 131 (109 SE2d 748). See also *Jones v. State,* 224 Ga. 283, 284 (161 SE2d 302); *Bryan v. State,* 224 Ga. 389, 391 (162 SE2d 349). The case of Jencks v. United States, 353 U. S. 657 (77 SC 1007, 1 LE2d 1103) and the Jencks Act (18 U. S. C. A. § 3500, 71 Stat. 595), which are relied on by defendant, are

not applicable here. The Jencks decision and the Act were not cast in constitutional terms, but merely state rules of evidence governing federal criminal prosecutions. Those rules have not been extended to state criminal trials. *United States v. Augenblick*, 393 U. S. 348, 356 (89 SC 528, 21 LE2d 537).

2. The second ground of enumerated error complains of the admission into evidence of a certified copy of the death certificate of the deceased, which was completed by Dr. Tom Dillon, the Fulton County Medical Examiner, over defendant's objection that the certificate contained medical conclusions. The hearsay and conclusional nature of certificates of this kind is fully discussed in *Liberty Nat. Life Ins. Co. v. Power*, 112 Ga. App. 547, 550 (145 SE2d 801). However, it is not necessary for us to decide whether or not its admission into evidence was error, because substantially the same conclusions were elicited without objection when the medical examiner testified in person. Consequently the overruling of the objection to the death certificate was harmless. *Whippler v. State*, 218 Ga. 198, 204 (126 SE2d 744) ; *Massey v. State*, 220 Ga. 883, 891 (142 SE2d 832) ; *Williams v. State*, 117 Ga. App. 79 (1) (159 SE2d 454).

3. An appellant has the burden of showing error which has hurt him. *Brown v. City of Atlanta*, 66 Ga. 71, 76; *Taylor v. R. O. A. Motors*, 114 Ga. App. 671, 677 (152 SE2d 631). A court will not grant a new trial merely because evidence was excluded. It must appear that the excluded testimony was material, and the almost universal rule of practice is that what that material testimony was must be expressly called to the attention of the trial court at the time of its exclusion. *Griffin v. Henderson*, 117 Ga. 382, 383 (43 SE 712). If defendant desired to complain of a ruling of the court refusing to allow further testimony explaining the absence of witnesses, defendant's counsel should have made an avowal of the testimony which he proposed to elicit. Not having performed that function he has failed to show that the testimony would have benefited defendant or that its rejection was sufficiently prejudicial to warrant a reversal of the conviction. *Yeomans v. State*, 116 Ga. App. 199, 200 (156 SE2d 658). See *Dunham v. State*, 8 Ga. App. 668 (2) (70 SE 111).

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969.

*L. Paul Cobb, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.