## 49749. GAINEY v. THE STATE.

DEEN, Judge.

1. It is contended in this conviction of voluntary manslaughter under a murder indictment that the state's evidence would have authorized a verdict of murder and the defendant's evidence would have authorized an acquittal, but that there was no evidence to justify an instruction or a conviction on the crime of voluntary manslaughter. We disagree. The deceased was shot while lying in bed, in the presence of his wife; the pistol was on the floor; the wife admitted firing the shot but swore that it was accidental and she was simply trying to pick up the pistol from where it had been lying and place it under the mattress. There was evidence that the defendant was jealous; that the deceased had been gone for the latter part of the evening and she thought he was with another woman; that she had previously stated she was going to kill him. On the other hand she made no attempt to flee but called for help very shortly after the shot was fired. "Whenever a homicide is neither justifiable nor malicious, it is manslaughter, and, if intentional, is voluntary manslaughter. *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762)." *Spradlin v. State,* 90 Ga. App. 97, 103 (82 SE2d 238). In the present case, if the homicide was neither accidental nor malicious it was intentional, and therefore was voluntary manslaughter. The jury had a right to disbelieve the bare statement of the defendant that a pistol had been lying on the floor all evening and, after her husband went to bed, she decided to pick it up and put it under the mattress. This is especially true in view of her prior threats. On the other hand, from the fact that she had been visiting various people with him earlier in the evening, and that

the homicide bore no evidence of premeditation or attempt at concealment, they might find an absence of malice. The evidence supported the instruction and the verdict.

2.    Police officers entering the apartment in response to an emergency call testified that they found the deceased on the bed with a bullet hole in his chest; a sheet with a hole in the upper part the size of a bullet hole and marked by powder burns indicating firing at close range, an open drawer in which they saw a box of bullets, and a pistol lying in open view on the floor. These physical items of evidence were the object of a motion to suppress which was properly overruled. "A police officer is free to use and seize what he sees in plain sight if he is at a place where he is entitled to be." *Lewis v. State,* 126 Ga. App. 123, 126 (190 SE2d 123); *Green v. State,* 127 Ga. App. 713, 715 (194 SE2d 678). It should be added that this statement does not give an officer *carte blanche* to pick up any article his eyes may light upon, but where he is called to premises and while properly there sees in plain view what may be evidence relating to, and instrumentalities of, a crime in the immediate vicinity of a dead or wounded person, the preservation of the evidence may be justified under the "exigent circumstances" rule. The motion to suppress was properly denied.

3.    Where there was ample evidence as to the depth and direction of the bullet wound, it was not error to illustrate the testimony by photographs of the deceased showing the wound. The fact that in one of them there was an arrow "to point to the particular area" and in the other a person using a pen "to point at that point" as explained in the testimony did not render the exhibits objectionable. It was quite clear from the identifying evidence that the pointers were not directed to show the actual angle of fire. This was the subject of expert testimony, the objection to which was that it was a conclusion and the witness was not an expert. The witness, having stated the facts on which he based his conclusion, was qualified to give the opinion stated. Cf. *Fountain v. State,* 228 Ga. 306 (5) (185 SE2d 62).

4. The instruction objected to in the sixth enu-

meration of error was approved in *Hudson v. State,* 108 Ga. App. 192 (4) (132 SE2d 50 ).

5. Close examination of the instructions as to the varying degrees of culpability for homicide do not suggest, as contended by the appellant, that the court was subtly indicating that a verdict of voluntary manslaughter should be returned; nor was it error, when a recharge on manslaughter was requested by the jury, to include also the charge on murder. Since the defendant was acquitted of the crime of murder, such instruction, even though error, would have been harmless.

6. "If the jury cannot, within a reasonable time, agree to the punishment, the judge shall impose a sentence within the limits of the law." Code Ann. § 27-2534. What is a reasonable time must depend on the circumstances; in *Hensley v. State,* 228 Ga. 501 (5) (186 SE2d 729), an hour was held not unreasonable. After the jury here deliberated for an hour and a half the foreman reported that it was deadlocked 11 to 1 and had been so for at least an hour, had made no progress, and "it is getting all nasty around the edges." There was no abuse of discretion under these circumstances for the court to take the sentencing feature of the case from the jury and himself impose a lawful sentence.

This case was first docketed in the Supreme Court on the basis that a constitutional attack was directed against Code Ann. § 27-2534. That court in *Gainey v. State,* 232 Ga. 334 (206 SE2d 474), transferred to this court on the basis that the question was not properly raised. This disposes of the remaining enumeration of error.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED OCTOBER 10, 1974.

*Melton, McKenna & House, James N. Butterworth, Andrew J. McKenna,* for appellant.

*Fred M. Hasty, District Attorney, Charles H. Weston, Walker P. Johnson, Jr., Assistant District Attorneys, Marc H. Glick, W. Louis Sands,* for appellee.