## 53303. CURTIS v. THE STATE.

WEBB, Judge.

Diane Curtis was indicted for the murder of Bobby Joe McNair on January 15, 1976, tried by a jury and convicted of voluntary manslaughter. The pertinent facts are as follows. Ms. Curtis had lived with McNair for approximately six months. The relationship between the two was deteriorating and for several days prior to the shooting they had quarreled. Both of them had contacted or been visited by the Crisp County Sheriff's Department and the Cordele Police Department.

Detective M. R. Williams testified that on January 14, the day before the homicide, he went to the residence where Ms. Curtis and McNair were living to try to help them work out their problems; that the conversation started to get "heated"; and that Ms. Curtis told McNair that "if he didn't leave her alone she was going to have to kill him, that she might have to kill him." The next

morning Ms. Curtis went to the Cordele police where she talked to Detective Williams again. While she was there McNair came in and Williams discussed their problems with both of them again. He told Ms. Curtis that if there were "any kind of confusion" when they returned home for her to leave and call the police and they would send someone over. She replied that if McNair "messed with her . . . that she was going to have to hurt him."

On the way to the police station Ms. Curtis had taken her pistol and hidden it on a railroad bridge near Ninth Street and Ninth Avenue. After she left the police station while enroute home she retrieved her pistol. At Rosa's Cafe on Ninth Avenue at Eleventh Street she met McNair. She testified that McNair started toward her with his hands outstretched as if to grab her and she fired at him in self-defense, not knowing how many shots she fired. She did not see any weapon in his hands and it was stipulated that she did not receive any bruises and that there were no bruises on her body. Ms. Curtis was eighteen years old and weighed 181 pounds; McNair weighed from 120 to 135 pounds.

McNair was struck in the head and body by at least two bullets and died as a result of the bullet wound to the body. Solomon Edwards, who lived approximately 125 feet from where the shooting occurred, stated that he heard five shots. Ms. Curtis told the officers that she had thrown the pistol, which belonged to her, back of Rosa's Cafe. The pistol, a six-shot revolver, was recovered and was found to contain six spent cartridge shells.

1. In attempting to establish a basis for her fear of McNair, Ms. Curtis was asked by her counsel, "Had he ever hurt you before?" The avowed purpose of the question, as stated by counsel, was "to prove by the testimony of Diane Curtis that the deceased had on occasions beaten her and hit her and on one occasion hit her with an iron pot." The district attorney's objection to the question was sustained and Ms. Curtis enumerates this as error.

This issue is controlled by *Mitchell v. State,* 134 Ga. App. 376, 378 (5) (214 SE2d 593) (1975), wherein this court held as follows: "The defendant testified that he was familiar with his wife's reputation in the community as a

violent and turbulent person. Thereafter he was asked: 'Have you ever been struck by your wife prior to this date?' The objection sustained was that only general reputation, not specific acts, could be explored on direct examination. *Mimbs v. State,* 189 Ga. 189 (5 SE2d 770). 'Previous difficulties between the defendant and the deceased, which give color and effect to the transaction under investigation and shed light upon the motives of the parties, are competent evidence. *Brown v. State,* 51 Ga. 502.' *Coleman v. State,* 141 Ga. 737, 739 (82 SE 227). To be admissible, however, it must further be shown that the previous occasion is close enough in point of time, and otherwise relevant to the feelings of the parties, to be of probative value or it is not admissible. *Miller v. State,* 158 Ga. 697 (124 SE 195); *Brown v. State,* 109 Ga. App. 212 (135 SE2d 480). The exclusion of testimony that *at some prior time* the witness had struck the defendant, nothing more appearing, is insufficient ground for reversal."

Here, as in *Mitchell,* there having been no proffer of proof of the time, place or circumstances under which the acts were performed, the exclusion of Ms. Curtis' answer to the question was not erroneous.

2. Ms. Curtis argues strenuously that there is no evidence of a sudden, violent and irresistible passion on her part to support her conviction of voluntary manslaughter, pursuant to the definition of Criminal Code § 26-1102. We do not agree. The defense was based upon Ms. Curtis' assertion that McNair would have beat her had she not shot him; she admitted that there was a homicide and that she shot him. " 'Whenever a homicide is neither justifiable nor malicious, it is manslaughter, and, if intentional, is voluntary manslaughter.' [Cits.] In the present case, if the homicide was neither accidental nor malicious it was intentional, and therefore was voluntary manslaughter." *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 687) (1974). "[I]f there be any evidence, however slight, as to whether the offense is murder or manslaughter, instructions as to both should be given the jury . . . and the jury's province was to decide as to whether the offense be murder or manslaughter." *Linder v. State,* 132 Ga. App. 624 (1) (208 SE2d 630) (1974) and cits. (overruled on other grounds, 234 Ga. 905); *Murray v. State,* 138 Ga. App. 776

(3) (227 SE2d 428) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1977 — DECIDED JANUARY 14, 1977.

*Roberts, Roberts & Rainwater, Lawrence W. Roberts,* for appellant.
*D. E. Turk, District Attorney,* for appellee.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*