## 55719. COCHRAN v. THE STATE.

BIRDSONG, Judge.

Cochran was indicted for murder and convicted, by a jury, of voluntary manslaughter. He appeals,

enumerating two errors. *Held:*

1. Appellant's first enumeration of error raises the general grounds. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60). The evidence presented showed that appellant and his son drove to deceased's residence where appellant intended to repossess an automobile for which deceased was indebted to him. The two thereafter consumed deceased's beer, and an argument developed over the quantity of beer consumed by appellant and who should purchase additional beer. Deceased and appellant also argued over an alleged indebtedness not related to the automobile. Deceased then struggled with appellant's son for possession of a 20-gauge shotgun, ultimately wresting it from the boy and commanding appellant: "Shut up or I'll shoot you." Immediately thereafter, appellant shot and killed deceased with a blast from a 12-gauge shotgun. Appellant's conviction of voluntary manslaughter was supported by the evidence. See *Curtis v. State,* 141 Ga. App. 36 (232 SE2d 382); *Robertson v. State,* 140 Ga. App. 506 (231 SE2d 367); *Fuller v. State,* 138 Ga. App. 241 (225 SE2d 718).

2. "'Whenever a homicide is neither justifiable nor malicious, it is manslaughter, and, if intentional, is voluntary manslaughter.' [Cits.] In the present case, if the homicide was neither accidental nor malicious it was intentional, and therefore was voluntary manslaughter." *Gainey v. State,* 132 Ga. App. 870 (1) (209 SE2d 687). " '[I]f there be any evidence, however slight, as to whether the offense is murder or manslaughter, instructions as to both should be given to the jury . . . and the jury's province was to decide as to whether the offense be murder or manslaughter.' [Cits.]" *Curtis v. State,* 141 Ga. App. 36, 38, supra. See *Gresham v. State,* 216 Ga. 106 (2) (115 SE2d 191); *Banks v. State,* 127 Ga. App. 14 (192 SE2d 414); *Stuart v. State,* 123 Ga. App. 311 (3) (180 SE2d 581). The trial court did not err in charging the jury as to the offense of voluntary manslaughter.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued April 11, 1978 — Decided June 23, 1978.

*Gaines C. Granade,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.