## 57964. SPRADLIN v. THE STATE.*

QUILLIAN, Presiding Judge.

The appellant, Frank Spradlin, was indicted with two of his friends — Michael Brown and John Bailey, for the murder of Daniel L. Bastain. Brown and Bailey were acquitted. Spradlin appeals his conviction of voluntary manslaughter.

On the evening of August 28, 1978, the appellant, Bailey, Brown, and Bastain drove from Carrollton to Atlanta to purchase tickets to a concert. Spradlin testified that they consumed quite a bit of alcohol and that a fight developed between Bastain and Bailey. Bastain was choking Bailey until "his face turned colors [sic]." Spradlin stated that he tried to get Bastain to release Bailey but was not successful until he started kicking him. Bastain was over six feet tall and weighed approximately 215 to 220 pounds. Spradlin was four or five inches shorter and weighed around 160 pounds. Spradlin testified that Bastain released Bailey and started fighting him and had him on the ground choking him. He knew he could expect no help from Bailey who was still on the ground and Brown was helping him. He stated: "I was already so scared I thought he was going to kill me. I thought my life was in danger so I stabbed him one time and I tried to tell him to get off me and he wouldn't get off. He just kept choking so I started stabbing him again." Bastain finally released the appellant and walked back to the car. Bastain later died as a result of the stab wounds — approximately 12 in number, half of which penetrated the lung. The defendant asserted self-defense and requested a charge on involuntary manslaughter. A charge was given on self-defense but the court refused to charge on involuntary manslaughter. Spradlin appeals his conviction of voluntary manslaughter. *Held:*

1. Appellant contends that the court's refusal to give his written request to charge on involuntary manslaughter was error. We agree and reverse.

An individual commits the offense of involuntary manslaughter "in commission of an unlawful act . . . [or] (b) . . . in the commission of a lawful act in an unlawful manner when he causes the death of another human be-

*For Addendum to Spradlin v. State, see page 909, post.*

ing, without any intention to do so, *by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm."* Code Ann. § 26-1103 (CCG § 26-1103; Ga. L. 1968, pp. 1249, 1276). (Emphasis supplied.)

The court charged on self-defense, apparently because it was considered raised by the evidence. Under self-defense: "A person is justified in ... using force against another when and to the extent he reasonably believes that such ... force is necessary to defend himself ... against such other's imminent use of unlawful force; *however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself . . ."* Code Ann. § 26-902 (a) (CCG § 26-902; Ga. L. 1968, pp. 1249, 1272). (Emphasis supplied.) The jury did not accept the self-defense theory. One of the possible reasons for rejection was that portion italicized above — use of excessive force.

Self-defense, as its nomenclature implies — is defensive in nature and not offensive. Therefore, it is invoked by necessity and without necessity being present it is inapplicable. Thus, the amount of force which can be utilized is based upon necessity and under no circumstances may legitimate self-defense exceed the bounds necessary for its use. Where the force used exceeds that necessary for defense of the person, the law will consider the defender the aggressor and if his act results in a homicide — the offense is at least manslaughter. See 40 CJS 1018, Homicide, § 131.

If there is any evidence as to whether an offense is murder or manslaughter, however slight, the court should instruct as to both when requested in writing. *Cochran v. State,* 146 Ga. App. 414 (2) (246 SE2d 431); *Gresham v. State,* 216 Ga. 106 (2) (115 SE2d 191); *Parker v. State,* 218 Ga. 654 (5) (129 SE2d 850). We are aware that the testimony of the appellant, cited above, was different from that he gave to the police. But, credibility is for the jury — not the trial judge or this court. The sworn testimony of the accused is sufficient to raise an issue and the jury must be the arbiter. The judge cannot arbitrarily reject the defense theory raised by the accused's testimony as unworthy of belief and refuse to charge upon the issue

raised. That is the province of the jury.

The state argues that "self-defense" and "unlawful manner" are "absolutely contradictive terms and to hold otherwise as a matter of law is a logical incongruity" for "when a defendant *exceeds* the bounds of self-defense (as the jury in the instant case decided) the defendant from that moment on is no longer engaging in a lawful act . . ."

The state's argument is logical, i.e. self-defense is a lawful act, but if excessive force is used the act becomes unlawful and it cannot remain self-defense — which is a lawful act. Stated otherwise — whenever a lawful act is done in an unlawful manner it is no longer a lawful act. The difference is more than semantical. This argument is contrary to the statute which states the law that involuntary manslaughter is committed by "a lawful act in an unlawful manner." The committee note explains that driving an automobile "62 mph in a 60 mph zone" is an unlawful act, but the driver "who travels 58 mph in a 60 mph zone when the road is iced over and traffic is heavy [is] performing a lawful act in [an] unlawful manner." In the same manner, where an individual is engaged in self-defense, a lawful act — but, uses excessive force — an unlawful act, this is committing a lawful act in an unlawful manner. *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180); *Allen v. State,* 147 Ga. App. 701 (2) (250 SE2d 5).

" '[I]f there be any evidence, however slight, as to whether the offense is murder or manslaughter, instructions as to both should be given to the jury . . . and the jury's province was to decide as to whether the offense be murder or manslaughter.' " *Curtis v. State,* 141 Ga. App. 36, 38 (232 SE2d 382); *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106). Thus, if self-defense was in issue — and the court must have concluded it was in issue as it charged on the subject, and the jury rejected that defense — and one basis for rejection was on the use of excessive force — then we cannot conclude as a matter of law that the failure to charge on an issue raised by the evidence did not prejudice the accused. Accordingly, where the jury would have been authorized by the evidence to find the accused guilty of the lesser offense of involuntary manslaughter, it is error requiring a new trial for the court to refuse a written request to charge on that issue. Cf. *Teasley v. State,* 228 Ga.

107, 111 (184 SE2d 179); *Jackson v. State,* 239 Ga. 40 (1) (235 SE2d 477).

2. The remaining enumerations of error are without merit or are unlikely to recur upon a new trial.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 6, 1979 — REHEARING DENIED OCTOBER 2, 1979 —

*Gerald P. Word,* for appellant.

*William F. Lee, Jr.,* District Attorney, *Michael G. Kam,* Assistant District Attorney, for appellee.