## 37687. DANIELS v. THE STATE.

PER CURIAM.

We granted certiorari to review Division 3 of the Court of Appeals opinion in *Daniels v. State,* 158 Ga. App. 476 (282 SE2d 118) (1981).[1]

---

[1] Certiorari was originally denied in the case. Appellant, however, filed a motion for reconsideration wherein he raised a ground that was not raised in his application for certiorari. We granted the motion in order to review the ground raised therein.

This court has the constitutional authority to require, by certiorari or otherwise, any case to be certified from the Court of Appeals, Const. Art. VI, Sec. II, Par. IV; Code Ann. § 2-3104, even before it is decided by that court, *Collins v. State,* 239 Ga.

In Division 3 of its opinion, the Court of Appeals found no reversible error in the trial court's refusal to allow appellant to physically exhibit scars he had received in a prior incident. See *Daniels v. State,* supra. Appellant, who was charged with murder and convicted of manslaughter, contends this evidence was relevant to his justification defense. Code Ann. § 26-902(a) provides: "... [A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony."

During defense counsel's examination of appellant, the following question was asked: "Mr. Daniel, have you ever been cut before?" The district attorney objected, stating that "[a]ny prior acts of violence by this Defendant or anything else do not apply to this case. This case should be based on these facts as heard by this jury. And any prior crimes he was involved in don't apply..." A conference was held at the bench wherein defense counsel stated, "He's not involved in a prior crime. He was a victim." The trial court inquired: "How is it relevant?" Defense counsel responded: "His *background experience* of having been cut before *goes to the sum total of the reason of his acts,* that it would be something the jury needed to know if it was reasonable for him to do what he did." (Emphasis supplied.) The trial court "sustain[ed] the objection for the time being," on the ground that "[i]t would be the acts or the judgment of a reasonable man, not particularly him."

Two basic issues are presented in this case: 1) whether the evidence of the scars was relevant to appellant's claim of self-defense and 2) whether a sufficient offer of proof was made at trial. We answer both questions in the affirmative, and reverse the judgment of the Court of Appeals.

1. As the Committee Notes to Code Ann. Chapter 26-9 make clear, the reasonable belief test set forth in Code Ann. § 26-902 (a) "is a recodification of the reasonable belief test which is stated by former Code Ann. § 26-1012." Thus, cases decided prior to the enactment of

---

400(3) (236 SE2d 759) (1977), and without any application for certiorari being filed. *Collins v. State,* supra. Having the case before us, in its discretion this court can consider any matter presented to or decided by the Court of Appeals. On certiorari, the case comes before us, not an isolated issue in the case.

Although it is certainly better practice for counsel to include all grounds for certiorari in the original application, we consider the matter raised in the motion for reconsideration in the case at bar to be one of gravity and importance. We choose not to let this opportunity pass by merely because the issue was not raised in the original application for certiorari.

the Georgia Criminal Code are instructive. *Moore v. State,* 228 Ga. 662, 666 (187 SE2d 277) (1972).

"The law, in cases of homicide, does not take into account the actual fears of the slayer, but considers all the circumstances, with reference to a determination as to whether they were sufficient to excite the fears of a reasonable person." *Anderson v. State,* 117 Ga. 255, 258 (43 SE 835) (1903).

In our view, evidence that appellant was previously attacked with a knife and received scars to his chest is relevant to whether he reasonably and honestly believed that deadly force was "necessary to prevent death or great bodily injury to himself . . ." "The lapse of time between the prior occurrences and the homicide . . . go to the weight and credit to be accorded the testimony by the jury and not to its admissibility. In cases of doubt, the testimony should be admitted." *Milton v. State,* 245 Ga. 20, 26 (262 SE2d 789) (1980). If the state can exhibit the victim's ear to the jury (see *Green v. State,* 246 Ga. 598, 609 (272 SE2d 475) (1980) (Hill, J., dissenting)), then the defendant should be allowed to exhibit his scarred chest. If the state can exhibit gruesome pictures of the victim to the jury (see *Godfrey v. State,* 243 Ga. 302 (2) (253 SE2d 710) (1979) (Jordan, J., dissenting), revd. on other grounds, 446 U. S. 420 (1980)), then the defendant should be allowed to show the jury a picture of his chest. If the state can prove the defendant's prior crimes to show his intent and motive (see *State v. Johnson,* 246 Ga. 654, 657 (272 SE2d 321) (1980) (Jordan, P. J., and Hill, J., dissenting)), then the defendant should be allowed to prove the crimes previously committed against him to show his intent and motive in defending himself. The jury can decide, when informed of all the circumstances surrounding the attack, whether the defendant's actions meet the "reasonable man" standard.

2. The state asserts that the offer of proof in the instant case was inadequate since the record provides no indication of *when* or *the circumstances* under which the prior incident took place. See *Curtis v. State,* 141 Ga. App. 36 (232 SE2d 382) (1977). In our view, the offer of proof was adequate. Appellant sought to tell the jury that he had been attacked with a knife before and wanted the jury to see his numerous scars.

3. The judgment of the Court of Appeals is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur, except Gregory, J., who concurs specially, Marshall and Smith, JJ., who dissent, and Weltner, J., not participating.*

DECIDED DECEMBER 3, 1981 —

REHEARING DENIED DECEMBER 15, 1981.

*Frank K. Martin, Bowles & Bowles, Jesse G. Bowles,* for appellant.

*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney, Tony H. Hight,* for appellee.

GREGORY, Justice, concurring specially.

I concur specially in the per curiam opinion. I do not believe admissibility turns on whether or not the State may introduce into evidence a victim's ear or gruesome photographs. Such evidence is governed by the rule of relevancy balanced against prejudicial effect. The approach here is different. The standard to be used by the jury is the objective reasonable person. This objective reasonable person must be placed under all the relevant circumstances present in the case at hand. If the circumstance in question happened to be the defendant's missing arm the objective standard would surely be applied taking into consideration the circumstance of the missing arm. Here the circumstance (a previous incident of having been cut with a knife in a similar situation) is perhaps more remote than a missing arm. Yet, it is a circumstance which ought to be taken into account in applying the objective standard. A safeguard against opening the door to every prior occurrence and remote event is that each must pass the test of relevancy.

SMITH, Justice, dissenting.

I dissent to the grant of certiorari in this case as well as the judgment of reversal.

1. After his conviction, appellant appealed to the Court of Appeals. In his third enumeration, he asserted that the trial court erred in not permitting him to exhibit scars received in a prior incident. The Court of Appeals ruled adversely to appellant's contentions, and he filed a motion for rehearing. *Appellant's motion for rehearing did not mention his third enumeration of error.*

Appellant then filed an application for certiorari. *Nowhere in his application did he mention his third enumeration of error.* Appellant's application for certiorari was denied, and he filed a motion for reconsideration. Only in his motion for reconsideration was the issue raised in appellant's third enumeration of error presented to this court.

Supreme Court Rule 28 (Code Ann. § 24-4528) provides: "A review on certiorari is not a right. An application for the writ will be granted only in cases of great concern, gravity and importance to the

public." Rule 31 (Code Ann. § 24-4531) places a specific time limitation on the filing of an application for certiorari, and Rule 33 (Code Ann. § 24-4533) mandates that "[m]otions for *reconsideration* shall be filed within 10 days from the date of denial of the certiorari." (Emphasis supplied.) I believe that the function of an "application" for certiorari is to provide a means by which a complaining party may set forth the rulings complained of, and that the function of a motion for reconsideration is to provide this court with an opportunity to review matters raised in the application for certiorari and previously ruled upon by this court. Appellant's so-called "motion for reconsideration" is nothing more than a thinly disguised second certiorari application. (The time for filing applications for certiorari had long since expired.) The majority's inexplicable acquiescence in appellant's effort at circumventing our rules is disquieting. Not only is the majority's action contrary to the tradition of this court (see, e. g., *Louisville & N. R. Co. v. Tomlin,* 161 Ga. 749, 761 (132 SE 90) (1926)), it is also ill-conceived from a policy standpoint.

To permit a party to raise an alleged error.for the first time on motion for reconsideration of a previously denied certiorari application is to encourage laxity on the part of counsel and promote unnecessary delay in the resolution of legal disputes. Certainly the appellant did not consider the issue raised in Division 3 of the Court of Appeals opinion to be one of "public gravity" when he filed his motion for rehearing in the Court of Appeals or his application for certiorari in this court.

Absent compelling circumstances, I would require that the grounds upon which the grant of certiorari is based be presented in the application for certiorari.

2. The majority recognizes that Code Ann. § 26-902(a) "is a recodification of the reasonable belief test which is stated by former Code Ann. § 26-1012." I fail to see how the exclusion of appellant's scar evidence is reversible error under existing Georgia law.

"To justify a homicide, the fears of the slayer must be those of a reasonable man, one reasonably courageous, reasonably self-possessed, and not those of a coward. *Teal v. State,* 22 Ga. 76 (68 Am D. 482); *Gallery v. State,* 92 Ga. 464 (3) (17 SE 863); *Dover v. State,* 109 Ga. 485 (34 SE 1030); *Coleman v. State,* 141 Ga. 731 (5), 736 (82 SE 228); *Williams v. State,* 145 Ga. 177 (88 SE 958); *Smoot v. State,* 148 Ga. 306 (96 SE 561). Under these decisions the killing must be viewed from the standpoint of a reasonably courageous man. If the defendant happens to be a man not reasonably courageous, then the killing can not be viewed from his standpoint ... A defendant may kill another honestly believing that it is necessary to kill to save his own life or to prevent the commission of a felony upon his person;

and yet he would not be justified, *if the circumstances surrounding him at the time* were not sufficient to excite the fears of a reasonable man. A timid man may kill, honestly believing that his life is in danger or that a felony is about to be committed upon his person. Still he will not be justified unless his fears come up to the standard fixed by this section of the Penal Code." (Emphasis supplied.) *Vincent v. State,* 153 Ga. 278, 299-300 (112 SE 120) (1922). "The standard of a reasonable man, by which the conduct of a particular person *under given circumstances* is to be judged, is one which the jury must determine from their own observation and their common knowledge and experience." (Emphasis supplied.) *Fudge v. State,* 190 Ga. 340, 343 (9 SE2d 259) (1940).

Appellant's scar evidence was offered to establish the "reasonableness" of his actions. I believe the Court of Appeals and the trial court correctly determined that, given an objective standard of "reasonableness," the evidence was not relevant for this purpose. While scars resulting from any prior incident may explain *appellant's* timidity, appellant's timidity is not in issue under Code Ann. § 26-902 (a).

However, even assuming appellant's scar evidence was logically relevant to the issue of "reasonable belief," I do not believe reversible error has been established. "If the defendant desired to complain of the [trial court's refusal to allow an exhibition of his scars], he should have made [a proper offer of proof], in the absence of which this court cannot determine whether . . . rejection [of the evidence] was sufficiently prejudicial to the defendant to warrant a reversal of the conviction. [Cit.]" *Yeomans v. State,* 116 Ga. App. 199, 200 (156 SE2d 658) (1967); *Miller v. State,* 158 Ga. 697, 699 (124 SE 195) (1924). From all that appears in the record, appellant could have been attempting to show that he received a minor scar as a child in an "attack" by a younger brother or sister. The only way the majority could have any idea that appellant received "numerous scars" is by viewing a photograph submitted in an appellate brief. Until today's decision, I would have thought such a showing to be legally insufficient. In my view, the offer of proof at trial was plainly inadequate. Compare *Milton v. State,* 245 Ga. 20 (262 SE2d 789) (1980). Thus, "the exclusion . . . was not erroneous." *Curtis v. State,* 141 Ga. App. 36, 38 (232 SE2d 382) (1977).

I am authorized to state that Justice Marshall joins in this dissent.