Tibbetts *v.* Sternberg.

———◆———

## TIBBETTS *vs.* STERNBERG.

It is the right of a party to inspect a memorandum used by a witness while testifying; whether he reads the contents, or only uses it to refresh his recollection.

A witness, on cross-examination, may be compelled by the referee to produce and submit to the inspection of counsel a memorandum from which he has been testifying, on the direct examination.

Before a witness can be required to produce a paper, however, it must appear that he is using it as, or in aid of, his testimony.

Where, upon appeal from a judgment entered on the report of a referee, the court has no means of knowing upon what ground evidence offered was rejected by the referee, it will hold that the evidence was properly rejected; the presumption, in such a case, being that the referee has drawn all proper conclusions from the facts proved.

APPEAL, by the defendant A. I. Sternberg, from a judgment entered upon the report of a referee.

The action was brought to recover the value of a quantity of logs, and round and hewn timber, sold by the plaintiff to the defendants A. I. & J. H. Sternberg.

The referee reported in favor of the plaintiff for

$52.95 cents, besides costs, and judgment was entered upon his report.

*Gilbert & Forbes,* for the appellant.

*A. H. Francis,* for the respondent.

*By the Court,* MULLIN, J. There is no such preponderance of evidence in favor of the defendant as would authorize us to reverse the judgment because the weight of the evidence is against the finding of the referee. Unless, therefore, some error in law was committed by the referee, on the trial, the judgment must be affirmed.

There are but two such errors insisted. upon by the appellant's counsel. These are: 1st. The refusal of the referee to compel the first witness on the part of the plaintiff to produce and submit to the inspection of the defendant's counsel a memorandum from which the counsel alleged the witness had been testifying, on his direct examination. 2d. The refusal of the referee to allow the same witness to answer the question whether he had not offered to sell logs rejected by the defendant, to one A. D. Wright?

1. The refusal to compel the production of the memorandum.

It is the right of the party to inspect a memorandum used by a witness while testifying; whether he reads its contents, or only uses it to refresh his recollection.

The witness has no right to use a memorandum in either way, unless made by himself; and if the witness cannot be compelled to produce it, he might use documents made for him by the party calling him, of the accuracy of which he knows nothing. Such a practice, if tolerated, would lead to the greatest abuses.

Before the witness can be required to produce a paper, however, it must appear that he is using it as or in aid of his testimony. No lawyer would claim to be entitled

Tibbetts *v.* Sternberg.

to an inspection of every paper the witness might have in his custody, or even in his hand, while giving evidence.

When the referee was called on to compel the production of the paper, it does not appear, except inferentially, that the witness had, or used, a memorandum, save by the allegation of counsel. The case says, the defendant's counsel requested the witness to allow him to examine the memorandum used by him (the witness) in giving, on his direct examination, the amount of logs; and the plaintiff declined to comply with his request. This is a tacit admission by the witness that he had and used such a paper. No objection or suggestion was made by the plaintiff's counsel that he had no such paper; the witness did not deny it; and the referee did not ask him whether he did or did not have it; but he seemed to assume that the witness had it, and yet refused to require the witness to produce it.

This was an error, for which we must reverse this judgment. The production of the paper might have been of no value to the defendant, but it is the principle thus sought to be established that is mischievous and dangerous. The right of a party to protection against the introduction against him of false, forged or manufactured evidence, which he is not permitted to inspect, must not be invaded a hair's breadth. It is too valuable to be trifled with, or to permit the court to enter into any calculation as to how far it may be encroached upon without injury to the party.

I am of the opinion that the referee erred in not directing the witness to produce the memorandum as desired to do by the defendant's counsel. (1 *Cowen & Hill's Notes*, 757.)

2. As to the rejection of the evidence offered, that the plaintiff offered the logs rejected by the defendant, for sale to Wright. It is impossible to say whether the evidence rejected would have been, if received, of any im-

portance in the case: If the defendant had rejected logs which the plaintiff claimed he was bound to receive, under the contract, and the plaintiff, after such rejection, had offered them for sale, it would have been evidence that the plaintiff acquiesced in the rejection and had assumed to treat them as his own; and in this view the evidence was quite material. But if the referee charged the defendant only with such logs as the contract called for, it was utterly immaterial what the plaintiff may have done with logs not deliverable under the contract, and which the referee had found to be properly rejected.

Which of these views of the evidence is the one taken by the referee we do not know, and have no means of knowing, without further facts are found by the referee. And as the presumption is that the referee has drawn all proper conclusions from the facts proved, we must hold that the evidence offered was properly rejected.

I am in favor of reversing the judgment, for the refusal of the referee to require the production of the memorandum, and of granting a new trial, with costs to abide the event.

Judgment accordingly.(*a*)

[Onondaga General Term, April 5, 1870. *Mullin, Morgan* and *Doolittle*, Justices.]

(*a*) See *Peck* v. *Lake*, (3 *Lans.* 136.)