PHILIP SCHWICKERT, Respondent, *v.* ISAAC LEVIN, Appellant.

*Witness — right of the opposing counsel on cross-examination to inspect a letter used to refresh the witness' recollection on his direct examination.*

Where a witness is, upon his direct examination, permitted to use a letter for the purpose of refreshing his recollection upon a certain point, the counsel for the adverse party is entitled to inspect the letter and to use it upon the cross-examination of the witness.

APPEAL by the defendant, Isaac Levin, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 17th day of April, 1901.

*Louis J. Altkrug,* for the appellant.

*K. C. McDonald* [*M. V. McDonald* with him on the brief], for the respondent.

JENKS, J.:

This action is to recover the contract price for goods sold and delivered. The answer was a general denial and breach of the contract. During the trial the defendant admitted the delivery of the goods, but contended that there had been a breach in that the contract was entire. The defendant ordered a quantity of different kinds of iron plates from the plaintiff. The plaintiff testifies that the original terms were payment at ten days, but that the contract was subsequently modified so as to permit delivery by installments, each installment to be paid for before the delivery of the next installment. This action is to recover for an installment. I think that the judgment must be reversed solely on an erroneous ruling of the court. The bookkeeper of the plaintiff testified to certain conversations between himself, representing the plaintiff, and the defendant. He was asked whether he had knowledge of the item of the goods in suit, and he answered that he knew of the delivery of the goods, and that he had conversations a few days before the delivery and one or two after it. He testified that after the delivery he saw the defendant in relation to the bill, and had a conversation with him. He was asked what was said, whereupon he replied that the plaintiff received a letter from the concern asking for some

374 · SCHWICKERT v. LEVIN.

plates. " Q. Kindly look and see if that is the letter you received from him. A. There are two letters ; I don't know; it was one of the 11th. Q. Here is March 13th. A. No; that is not the letter ; it is the 11th. Q. March 11th ? A. That is the one. Q. Just look at it and see if you received that. A. That is the letter I received. (Letter marked ' A ' for identification.) * * * Q. And after you answered the letter, did you see him ? A. No, sir ; I got another letter from him — a letter of the 13th. Q. And that is the letter here ? A. That is the second letter ; yes. (Letter marked ' B ' for identification.) Q. Did you see him personally after that time ? A. Yes. Q. What conversation did you have with him ? A. I answered the second letter of the 13th. The Court: Did you talk with him ? * * * What did he say ? A. He said I should call down at his office on Monday and he would give me a check for that bill of $80.14. The Court: What Monday is that — what date ? A. Let's see ; that was on the 18th, I believe. I am not quite sure of the date, not having a calendar here." On cross-examination, the defendant's counsel called for " the production of two letters that have been marked for identification on this witness' direct examination — letters from Levin. The Court: There is nothing in on the letters ; they are not in evidence. Defendant's counsel: I want to see those letters to cross-examine. Plaintiff's counsel: You can ask for the letters. The Court: They are not in evidence; I won't compel him to produce them. Defendant's counsel: I call for the letters dated March 11th and 13th, sent by the defendant to the plaintiff. I call for their production, for the purpose of cross-examining the witness, and the plaintiff's counsel refuses to produce them, and the court refuses to direct him to produce them, to which I take an exception." I think that even at that stage it was fairly inferable, especially as there was no disclaimer from the opposing counsel or the witness (*Tibbetts* v. *Sternberg*, 66 Barb. 201, 203), that the witness used the letters to aid him in fixing the time of the conversations with the defendant. If so, the defendant was entitled to the letters for the purposes of cross-examination. Any doubt whether the witness did rely upon the letters was removed by the answer to the question thereafter put to the witness: " Q. Didn't you look at those letters to enable you to fix the date as to a conversation between you and Levin ? A. Yes. * * * Plaintiff rests."

Thereupon defendant's counsel called again for the production of the letters. The Court: "I don't see that you have the right. Defendant's counsel: The letters are in court. In addition to that, the witness uses them to refresh his recollection as to when the conversation occurred. Then I have the right to look at them. The Court: You have a ruling on it. Whether right or wrong, you have an exception." The learned counsel for the respondent contends that the marking of the letters for identification did not entitle the defendant to inspect them. But this is not the point. The defendant had the right to see, and to use on cross-examination, any memorandum or writing which had served to refresh the memory of the witness on his direct examination. (Chase's Steph. Dig. Ev. art. 137, note, citing authorities; *Peck* v. *Lake*, 3 Lans. 136; *Tibbetts* v. *Sternberg, supra; Peck* v. *Valentine*, 94 N. Y. 569, 571.) As the conversation was material, the defendant might possibly have been prejudiced by this limitation upon his cross-examination, and, therefore, I think that a new trial should be ordered. The letter of March thirteenth was finally read in evidence.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.