HELEN SMITH, as Executrix, etc., of ELIJAH SMITH, Deceased, Plaintiff, *v.* RUSSO-ASIATIC BANK, Also Known as BANQUE RUSSO ASIATIQUE, Defendant.

Supreme Court, Special Term, Albany County, February 23, 1939.

*Natanson, Pack & Scholer* [*Joseph Day Lee* of counsel], for the receivers.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Guaranty Trust Company of New York.

SCHENCK, J.    On the 16th day of August, 1938, an order was made in the above-entitled action pursuant to section 170 of the General Corporation Law, as follows:

" *Ordered*, that Guaranty Trust Company of New York, by W. Palen Conway, its President, and Purcell Robertson, its Secretary, and by such of its other officers or employees who has or have knowledge of its transactions with the defendant herein prior and/or subsequent to the year 1917, appear at Special Term of this Court to be held in the County Court House in the County of Albany on the 19th day of August, 1938, at 10 o'clock in the forenoon and submit to an examination by said receivers and their attorneys concerning the property of the defendant now or heretofore held by said Guaranty Trust Company of New York and concerning the money now or heretofore due from said Guaranty Trust Company of New York to the defendant, and concerning the disposition by said Guaranty Trust Company of New York of any such property or debts, and all the circumstances surrounding said disposition, and it is further

" *Ordered*, that the Guaranty Trust Company of New York produce at such time and place, for examination by said receivers and their attorneys, all books of account, correspondence and documents of every nature, in its possession or under its control, bearing upon any and all transactions heretofore had between Guaranty Trust Company of New York and the defendant, and the claims of the Guaranty Trust Company against the defendant, and the payment in whole or in part of either thereof."

Pursuant to this order the Guaranty Trust Company, by its officers, has been examined and various books and papers have been produced.

It appears from the papers in the proceeding and from the examination of the witnesses under the order that the Guaranty Trust Company of New York has an account containing large sums of money in the name of the defendant, and the receivers of the defendant are endeavoring to reach this fund.    The Guaranty Trust Company claims the fund belongs to the Russian government.

*Prima facie*, however, this proceeding was properly commenced, and up to the point of the present dispute the parties have acquiesced in the procedure.

It appears that in the preparation for trial of the case of *Baronowsky Co.* v. *Guaranty Trust Co.* (156 Misc. 74; affd., 248 App. Div. 696; affd., 273 N. Y. 656) copies of documents and correspondence were made in Russia by representatives of the Guaranty Trust Company.

The Guaranty Trust Company has refused to state whether they have produced all of the documents in their possession relating to the fund in question and have refused to produce documents not specifically called for.

Section 170 of the General Corporation Law reads as follows: " Power of receiver to institute proceedings to recover assets. Whenever a receiver of a domestic corporation, or of the property within this State of any foreign corporation, by verified petition, shall show to the Supreme Court, at a Special Term thereof, held within the judicial district in which he was appointed, that he has good reason to believe that any person has in his possession or under his control, or has wrongfully concealed, withheld or disposed of, any property of the corporation, or that any person can testify concerning such facts, the court, with or without notice, shall make an order requiring such person to appear before the court or a referee, at a time and place designated, and submit to an examination concerning such facts. In such order, or at any time thereafter, in its discretion, the court may enjoin and restrain such person from disposing of any property of the corporation in his possession or under his control. No such person shall be excused from answering any question on such examination on the ground that his answer might incriminate him; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding."

The primary purpose of proceedings under this section is the discovery of assets. To accomplish this, the examination of witnesses is permitted, and they may be required to produce documentary evidence.

This section should be given a broad and liberal interpretation. A general and thorough examination of witnesses is permitted, and in this connection witnesses may be required to produce documentary evidence in their possession. In order to permit an examination of broad scope the witnesses are protected from

prosecution, penalty or forfeiture in connection with their testimony or the production of documentary evidence.

On the other hand, in so far as the proceedings are inquisitorial, they must be confined within limitations which have become well defined.

In the first place, I will assume that the Guaranty Trust Company is not in the category of a party to an action, whatever the nature of the proceedings under section 170 may be.

In so far as a party is concerned, there was at common law, except in a few cases, a lack of compulsive power to compel a party to produce his books and papers. They could finally be obtained by a bill in discovery in equity. (3 Blackstone Comm. p. 382; Pollock, a Treatise on the Power of the Courts of Common Law, etc., § 1.)

In modern times discovery of documents by parties has been provided for generally by statute in legal and equitable actions, and the procedure has been liberalized.

As to third persons the ordinary *subpœna duces tecum* was available at common law and has generally been found to be satisfactory. (3 Blackstone Comm. p. 382.)

A great latitude is permitted in requiring the production of documents under *subpœna duces tecum*. It is not a search and seizure of papers because the party is required to produce the papers himself.

The limitation is that the writ ought not to require in the first instance the production of all the books and papers of a party so that it is universal in its operation and, for example, completely puts a stop to business of a corporation. Any documents, however, can be required to be produced where some necessity is shown by the examination of witnesses or known transactions of the party subpœnaed, or some evidence of their materiality is produced. Within these limitations production of a mass of papers may be compelled. (*Hale v. Henkel*, 201 U. S. 43; *Matter of Foster*, 139 App. Div. 769.)

The receivers should be allowed at least the latitude permitted in connection with a *subpœna duces tecum*.

The statute in question requires that the examination of the witness and the time and place of his examination be directed by order.

The method of procedure, when documents are desired, may well follow the general scheme of the statute to proceed to order. If they are not produced upon request as the examination proceeds, then an application may be made to the court to compel their production by an order rather than by *subpœna duces tecum* pursuant to section 406 of the Civil Practice Act.

The proper procedure, therefore, to be adopted by the moving party is to continue the examination of the officers of the Guaranty Trust Company, who must answer all proper questions relative to documents in their possession; then the production of these documents may be required by order, if not produced on request, whereupon the documents may be examined and offered, if desired, and all reasonable accommodation for this purpose must be afforded. (*Union Mfg. Co.* v. *Byington*, 1 Hun, 44; *Schwickert* v. *Levin*, 76 App. Div. 373; *Smith* v. *Rentz*, 131 N. Y. 169.)

It is not to be understood that each document must be enumerated and described. This would not be necessary either in a *subpœna duces tecum* or an order. If it appears that the Guaranty Trust Company has any documents in its possession relative to the subject of this investigation, they may be compelled to produce them by a direction generally describing them.

The Guaranty Trust Company moves to strike out from the order granted in August permitting the examination in question the words " for examination by said receivers and their attorneys." In view of what has been said above it may be that the whole direction that the Guaranty Trust Company produce its books and papers is merely surplusage in the original order, and, therefore, the motion to strike out a portion of it is denied, without prejudice.