219 So.2d 414

**James William McMURTREY**

**v.**

**STATE.**

**5 Div. 712.**

Court of Appeals of Alabama.

Feb. 18, 1969.

Walker & Hill, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, James William McMurtrey, was convicted of the offense of burglary in the second degree, and was sentenced to the penitentiary for a term of six years.

The State's evidence tended to show that Clark Pharmacy, in Opelika, Alabama, was broken into and entered on the night of January 17, 1967. Defendant and another man were apprehended inside the pharmacy.

Lieutenant Charles Beasley, of the Opelika Police Department, testified he saw the defendant inside the pharmacy with a crowbar in his hand and that he apprehended Walter Franks, defendant's companion. During the cross examination of Lieutenant Beasley, the following transpired:

"Q. Lieutenant Beasley, I noticed as you were testifying that you were referring to some notes. Were these some notes that you had made shortly after the event?

"A. Yes, sir.

"Q. Were they made by yourself?

"A. Yes, sir.

"Q. May I see the notes?

"MR. WRIGHT: We object to that, Your Honor. That is his own personal file, there.

"THE COURT: Sustain the objection.

"MR. WALKER: We reserve an exception.

"Q. These were the notes that you were referring to from time to time when you were testifying?

"A. I referred to them, I think, one time, yes, sir.

"Q. To refresh your recollection?

"A. Yes, sir.

"Q. Now, when were those notes typed up?

"A. They were typed up the next morning?

"Q. At a time when all of this was fresh in your memory?

"A. Yes, sir."

Defense counsel renewed his request to inspect the notes used by the witness to refresh his recollection. The request was denied.

■ The court's refusal to permit defense counsel to see and examine the memorandum used by the witness on the stand to refresh his memory constituted reversible error. Benefield v. State, 39 Ala.App. 302, 100 So.2d 334. See also cases cited in the annotation "Discovery—Impeachment of Witness," 7 A.L.R.3rd, Sec. 10(i), pages 244, 245, 246.

The fact that the defendant, testifying as a witness, admitted that he broke into the Pharmacy, does not render the error harmless, as claimed by the prosecution. Benefield v. State, supra; People v. Gezzo, 307 N.Y. 385, 121 N.E.2d 380.

The defendant pleaded not guilty and not guilty by reason of insanity. In support of his plea of insanity, defendant introduced medical testimony to show that he was a narcotics addict.

The defendant testified he was addicted to narcotics and admitted that he broke into the establishment for the purpose of obtaining narcotic drugs. He was asked this question on direct examination:

"Q. Mr. McMurtrey, if someone had not physically pulled you away, could you resist the temptation of getting those drugs?"

■ Defense counsel argues as reversible error the sustaining of the State's objection to this question. The argument is that defendant should be allowed to "testi-

fy to the facts relating to or shedding light upon his own physiological condition."

This contention is untenable. In Parsons v. State, 81 Ala. 577, 2 So. 854, the court held that a defendant's sanity or insanity is a question of fact to be determined by the jury, "enlightened, if necessary, by the testimony of experts." The above question was invasive of the province of the jury.

Furthermore, Alabama does not recognize "irresistible impulse" as an excuse or defense for crime, unless it is induced by an actual disease of the mind. Thompson v. State, 23 Ala.App. 529, 128 So. 461; Johnson v. State, 43 Ala.App. 224, 187 So.2d 281; Barbour v. State, 262 Ala. 297, 78 So.2d 328; Wingard v. State, 247 Ala. 488, 25 So.2d 170.

In view of the reversal of the cause for the reason stated other questions raised, which will probably not arise in the event of another trial, will not be considered.

Reversed and remanded.