219 So.2d 122 (1969)
Henry KIMBROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. J-492.
District Court of Appeal of Florida. First District.
February 25, 1969.
Louis O. Frost, Jr., Public Defender, and L. Peter Johnson, Special Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant was found guilty by a jury on a charge of attempted breaking and entering with intent to commit a felony.
Kimbrough was caught just about as redhanded as can be imagined attempting to *123 break and enter into Haverty's Furniture Store located on Beach Boulevard in Duval County, Florida. The store was wired with an automatic burglar alarm system that resulted in the summoning of the arresting officers who testified that as they arrived on the scene the appellant and his brother were standing at the rear of the store and tools of the type commonly used to force entry into a building were lying on the ground. There was a sledge hammer, a pipe for use as a pry bar, a hacksaw, a drill, and a glove.
Appellant and his brother broke and ran into the bushes in back of the store when the officers announced their presence. The officers gave chase and when the culprits failed to halt, one of them, the brother, was shot down. The capture of the other was somewhat more troublesome but was accomplished in due course after a cinematic chase through the bushes during which the pursuing officer was guided by the sound of fleeing footsteps. The chase and capture culminated with appellant's feeble and unsuccessful effort to evade Officer Simpsons' perseverance by hiding underwater in several feet of water in a ditch running in back of the store. At least, appellant thought he was hiding in the water. But Officer Simpson testified that he could clearly see his prey's form submerged in the water on this bright moonlight night. From then on, it was a simple matter for the pursuing officer. Simpson could now breathe a sigh of relief, whereas appellant could not do so as long as he remained in the submerged lair. In due time, appellant's breath gave out and he rose to the capture. Thereafter, the waiting officer took appellant into custody; and after the latter recovered from the overdose of water, he was taken back to the scene of the crime where Officer King was watching over his wounded brother, Vernon Kimbrough.
Appellant urges two points for reversal of his conviction. First, it is contended that the trial court committed error when it permitted a motion picture film strip to be introduced in evidence which had been taken by Deputy Sheriff Fred Dozier, who was also a part-time news photographer for a local television station. Dozier testified that he heard about the incident at Haverty's while he was engaged in his part-time news gathering activities and hurried on down to the scene to take pictures. He did and they were later shown on a news broadcast over television. The scenes showed the appellant sitting in the back seat of a police car handcuffed and, of course, wet. Also shown were the burglar's tools described above and the general scene of the event including the hole in part of the back wall of the store which the jury in its deliberations must have determined was made by the appellant in his abortive effort to gain entry into the store.
We perceive no error in the admission in evidence of the questioned film strip. Dozier testified that it was taken at the scene of the crime charged to the appellant and that the pictures were a fair and accurate portrayal of the people, things, matters present at the time in question. We see nothing in the pictures that would tend to inflame the jury and cause them to bring back a verdict based solely on passion or prejudice. Actually we think it was a pretty good example of modern day police work which utilizes scientific devices and methods for bringing some surefooted justice to fleetfooted criminals. The use of such pictures, when properly authenticated, may assist in removing doubts as to whether the defendant was present at the scene, conditions, prevailing, and so forth. It was held in Grant v. State, 171 So.2d 361 (Fla. 1965), that prejudice to the defendant's position must be shown to result from the admission of photographs before a conviction may be reversed because of such admissions. We hold that neither prejudice nor error has been shown in the case at bar because of the pictures complained of.
The only other issue raised by appellant is founded on the trial court's refusal to permit the defendant to inspect a *124 written report made by a police officer who testified for the prosecution. It is clear from the record before us that the questioned report was not used by the witness in the courtroom for the purpose of refreshing his memory while he was testifying. Although we have been unable to find a Florida case relating to precise facts here involved and none has been called to our attention by either party to this appeal, we believe that the majority view as expressed in the annotation at 82 A.L.R.2d 473 at page 562, which is set out hereafter, is sound and well reasoned and in our view is controlling in the instant case on this issue:
"Notwithstanding authority to the contrary, it has been held in many recent decisions that where a witness has refreshed his present recollection prior to the time of giving testimony, by the use of papers or memoranda out of court, he is not, unless the court in its discretion orders otherwise, obliged to produce them to allow the opposing party to make an inspection."
No error having been domonstrated by appellant, the judgment appealed is
Affirmed.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.