248 So.2d 157

**James William McMURTREY**

**v.**

**STATE.**

**5 Div. 27.**

Court of Criminal Appeals of Alabama.

May 11, 1971.

Maye & Melton, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was originally convicted by a iury in the Circuit Court of Lee County for burglary in the second degree and sentenced by the trial judge to six years imprisonment. That judgment of conviction was appealed to this court and reversed. McMurtrey v. State, 44 Ala.App. 658, 219 So.2d 414.

A new trial was subsequently held, with the same judge presiding, which again resulted in a conviction for burglary in the second degree. This time the trial judge sentenced appellant to ten years in the penitentiary.

Appellant has again appealed to this court and cites as error the increase in the sentence on the second trial for the same offense.

Upon a second trial, a trial judge is not constitutionally precluded from imposing a greater sentence than that imposed at the first trial. However, such sentence must not have as its purpose the penalizing of those who chose to exercise their right to appeal. Simpson v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

In order to insure against this motivation the Supreme Court in the *Simpson* case, supra, held that:

"* * * whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. *Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.* And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added.)

In denying the appellant's motion for a new trial the trial judge stated the following grounds for the increased sentence:

"The Court in fixing the increased sentence based its judgment and said

sentence solely on the defendant's long criminal record, that is, prior convictions and prior sentences and servitude in penitentiaries."[3]

Appellant's criminal record prior to his first sentence was incompetent data since the increased sentence must be based on "conduct on the part of the defendant occurring after the time of the original sentencing proceeding."

We also note that a review of the record in appellant's first trial indicates that he was cross-examined by the district attorney concerning his prior record and admitted being convicted on four previous occasions and serving terms in the penitentiary.

The judgment of conviction is due to be affirmed but the cause is remanded for proper sentencing.

Affirmed; remanded for proper sentencing.