273 So.2d 487

James Quinton ROBINSON

v.

STATE.

I Div. 303.

Court of Criminal Appeals of Alabama.
Feb. 20, 1973.

William J. Baxley, Atty. Gen. and William T. Musgrove, Jr., Sp. Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Mobile County, Alabama, charged the appellant with robbery. The Jury's verdict and judgment set sentence at fifty years imprisonment in the penitentiary.

The State's evidence established that on November 20, 1970, the Ladas Pharmacy in Mobile, Alabama, was robbed by two men, one of whom was later identified as the appellant.

Mr. Louis Ladas, the owner of the pharmacy, testified that two and one-half months after the robbery, he had spotted the appellant outside of the Wise Tire Company in Mobile, and wrote down the license number on appellant's car. He then reported the make of the car and the license number to the police, who ran a registration check and found that the car belonged to the appellant.

John L. Lawler, Mobile, for appellant.

Detective Sergeant Earl Joslin testified that the following day, Ladas and two other witnesses to the robbery separately picked appellant's photograph out of a group of eight photographs as one of the men who had robbed the Ladas Pharmacy. Joslin then testified that the appellant was arrested and taken into custody. He further testified that each of the three witnesses to the robbery, after separately viewing a lineup, and without conferring with

each other, identified the appellant as one of the two men who had committed the robbery. Each witness also made an independent in-court identification of appellant.

## I

Appellant contends that the trial court committed prejudicial error in refusing to allow him to inspect a report or memorandum which Officer Joslin had made and used to refresh his recollection, outside the courtroom, just before testifying.

In cross-examination the following exchange occurred (R. p. 36):

"Q Sergeant Joslin, did your refer to a report or memorandum that you made prior to testifying today?

"A Yes, I did.

"Q Was that the pink sheet that Mr. Campbell had?

"A Yes, sir.

"MR. LAWLER: May I see it, please?

"MR. CAMPBELL: No, sir.

"MR. LAWLER: I move the State produce the document that the witness used to refresh his recollection, so I might use it to cross examine.

"(Whereupon, Mr. Campbell presented legal argument to the Court; Mr. Lawler presented legal argument to the Court; and the following was had and done:)

"THE COURT: Deny your motion."

In Henry v. State, 46 Ala.App. 175, 239 So.2d 318, this Court, per Almon, J., stated:

"We understand the law to be that the court's refusal to permit defense counsel to see and examine a report used by a witness on the stand to refresh his memory would constitute reversible error. McMurtrey v. State, 44 Ala.App. 658, 219 So.2d 414; Benefield v. State, 39 Ala. App. 302, 100 So.2d 334."

Here, the witness did not take the report to the witness stand with him, but referred to it outside the courtroom immediately before testifying. Under these circumstances, we believe the rule as stated in Kimbrough v. State, 1969 (Fla.App.), 219 So.2d 122, covers this case:

". . . It is clear from the record before us that the questioned report was not used by the witness in the courtroom for the purpose of refreshing his memory while he was testifying. Although we have been unable to find a Florida case relating to precise facts here involved and none has been called to our attention by either party to this appeal, we believe that the majority view as expressed in the annotation at 82 A.L.R.2d 473 at page 562, which is set out hereafter, is sound and well reasoned and in our view is controlling in the instant case on this issue:

" 'Notwithstanding authority to the contrary, it has been held in many recent decisions that where a witness has refreshed his present recollection prior to the time of giving testimony, by the use of papers or memoranda out of court, he is not, unless the court in its discretion orders otherwise, obliged to produce them to allow the opposing party to make an inspection.' "

See also Mahone v. State, 120 Ga.App. 234, 170 S.E.2d 48; Williams v. Florida, 1968 (Fla.App.), 208 So.2d 628.

This subject is discussed in 7 A.L.R.3d, at pages 244 and 247.

## II

Appellant further cites, as error, the trial court's action in refusing to allow into evidence two medicine bottles allegedly taken by the appellant to the Ladas Pharmacy a couple of months after the date of the robbery to be refilled. The appellant had sought through the testimony of his mother, Mrs. Beulah Mae Thompson, to establish an "alibi" in part in that on an alleged subsequent visit to the pharmacy, he

**514**

was not identified by any person at the store.

Mrs. Thompson, however, was unable to properly identify the two bottles, and, further, she admitted that she was not actually present in the store at the time the appellant allegedly brought the two prescription vials in.

In order for demonstrative evidence to be admitted, such must not only be properly identified, but also must tend to corroborate or elucidate a material inquiry. Smith v. State, 248 Ala. 363, 27 So.2d 495. We find no error in the trial court's ruling.

For a discussion of the admissibility of the demonstrative evidence generally, see Volume 22A, C.J.S., Criminal Law, Section 708, at page 942.

We have carefully reviewed the entire record in the case at bar, as required by Title 15, Section 389, Code of Alabama 1940, and find no error therein. The judgment is due to be and the same is hereby

Affirmed.

All the Judges concur.