299 So.2d 319

**Cleve WILSON, Jr.**

v.

**STATE.**

**7 Div. 272.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied June 25, 1974.

William J. Baxley, Atty. Gen., Montgomery, and Ray Lowery, Special Asst. Atty. Gen., Birmingham, for the State.

Love, Love & Lawrence, Talladega, for appellant.

HARRIS, Judge.

Appellant was put to trial upon an indictment charging murder in the first degree. At arraignment, attended by court-appointed counsel, he pleaded not guilty. He was found guilty of murder in the second degree and the jury fixed his punishment at twenty years imprisonment in the penitentiary. Trial counsel was appointed to represent him on appeal.

The homicide occurred on September 23, 1972, near a Negro store by the name of Cooper's Sure Save Store, also known as Hooker Dees Place, in Talladega County. This was a Saturday afternoon shoot-out involving a .38 caliber pistol and a .410 shotgun firing number four shot. The testimony for the state and the defense was in sharp conflict as to the circumstances and events leading up to the killing as well as to the number of weapons and participants engaged in the shoot-out. Only a jury could unravel the confused state of the evidence. The only undisputed testimony is that appellant was firing the shotgun and the deceased was firing the pistol,

and that decedent's death was the result of gunshot wounds. The deceased was shot in the chest, side and back. Law officers on patrol heard the gunfire and thought a young war was taking place. Several witnesses testified that several long barrel guns were brought to the scene.

After the state rested its case, appellant made a motion to exclude the state's evidence on the grounds that the state had failed to make out a prima facie case and had failed to prove any unlawful acts on the part of the defendant. The motion was overruled. There was no request for the affirmative charge nor was there a motion for a new trial. In this state of the record it will serve no useful purpose to here record a witness-by-witness account of what they claimed to have seen and heard. Indeed, there is no contention on this appeal that the evidence was insufficient to sustain the sentence and judgment of conviction.

There is only one claimed error on this appeal and that relates to the testimony and signed statement of state witness Lola Bell Rogers. At the close of this witness' direct testimony the district attorney showed her a paper and asked her if she did not come to his office three days after the homicide and make a statement. She gave an affirmative answer. Whereupon appellant made a motion that he be allowed to see the statement. The court overruled the motion after a short colloquy in which it was made plain that the witness had not seen or referred to this statement prior to or during her testimony and the district attorney had not made use of the statement while interrogating this witness. The district attorney made the following statement to the court:

"May it please the court as the court's aware, the witness did not see this statement, other than showing it to her as a paper. There has been no question raised from the statement to this witness. I have given Mr. Love a copy of

everything I had. He is not entitled to get in my file."

On authority of Henry v. State, 46 Ala. App. 175, 239 So.2d 318, and Robinson v. State, 49 Ala.App. 511, 273 So.2d 487, we hold there was no reversible error in the action of the trial court in denying the motion to produce the statement of this witness.

A careful examination of the entire two-volumn record reveals no error which injuriously affected the substantial rights of appellant and the case is due to be affirmed.

Affirmed.