BEATTY, Justice.
Certiorari was granted to determine whether, in this no-opinion case, the Court of Criminal Appeals erred when it failed to address certain issues raised by the petitioner below and preserved for review here by virtue of a Rule 39(k), A.R.App.P., statement. 519 So.2d 1386.
The petitioner maintains that the trial court erred when it refused to allow his counsel to examine certain notes prior to cross-examination, when the witness had referred to those notes during his examination-in-chief. On that point, the record reflects the following after the State’s direct examination was concluded:
“MR. TABER: Judge, I notice that Deputy Mallard has been refreshing his recollection by looking at his notes and I wonder if I might look at those just a moment before I begin the cross-examination.
“MR. KIRKLAND: Judge, we would object to Deputy Mallard’s notes being made available to defense counsel.
“MR. TABER: Judge, he’s referred to them throughout his — through his testimony to refresh his recollection. I’d certainly be entitled to see what he’s using to refresh his recollection.
“THE COURT: What is your response Mr. Kirkland?
"MR. KIRKLAND: Judge, first of all, I don’t know whether Officer Mallard has used his notes to refresh his recollection or not but, if he has, Mr. Taber is not entitled to look at it simply because he looked at it to refresh his memory.
“MR. TABER: For the purpose of cross-examination, Your Honor, I have the right to know the basis of his testimony.
“MR. KIRKLAND: I think he can cross-examine this witness.
“THE COURT: Ask him if he referred to his notes.
“MR. TABER: Deputy Mallard, in response to Mr. Kirkland’s questions, did you refresh your recollection by looking at your notes, particularly as to the names of the people that were there and the time that you received the call, et cetera?
“THE WITNESS: For that reason.”
Once it was established that the witness had referred to the notes, counsel for the defendant was entitled to inspect them. The matter has been fully explored in Benefield v. State, 39 Ala.App. 302, 100 So.2d 334 (1957), cert. denied, 267 Ala. 78, 100 So.2d 340 (1958), in which the following was quoted from Acklen’s Executor v. Hickman, 63 Ala. 494, 498, 35 Am.Rep. 54 (1879):
“In cases falling within this class [present recollection revived], the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross examination. This he may do, for the purpose of testing its sufficiency to revive a faded or fading recollection, if for no other reason.”
As Judge Cates aptly observed in Bene-field, supra, such an examination before cross-examination is proper when the defendant may introduce it into evidence on cross-examination. See also McMurtrey v. State, 44 Ala.App. 658, 219 So.2d 414 (1969). We quote from People v. Gezzo, 307 N.Y. 385, 121 N.E.2d 380, 384 (1954), a case cited in Benefield, supra, on the justification for the rule:
“It may be that an inspection of the memorandum would not have assisted defendant in any way. But, as was said in Tibbetts v. Sternberg, 66 Barb. 201, 203, supra: ‘The production of the paper might have been of no value to the defendant, but it is the principle thus sought to be established that is mischievous and dangerous. The right of a party to protection against the introduction against *708 him of false, forged or manufactured evidence, which he is not permitted to inspect, must not be invaded a hair’s breadth. It is too valuable to be trifled with, or to permit the court to enter into any calculation as to how far it may be encroached upon without injury to the party.’ Or, as was written in Schwickert v. Levin, 76 App.Div. 373, 375, 78 N.Y.S. 394, 395, supra: ‘The defendant had the right to see, and to use on cross-examination, any memorandum or writing which had served to refresh the memory of the witness on his direct examination. * * * As the conversation was material, the defendant might possibly have been prejudiced by this limitation upon his cross-examination, and therefore I think that a new trial should be ordered.’ ”
Because the judgment must be reversed on this issue, we do not deem it necessary to address other issues presented by the petitioner, believing that those issues will be resolved upon a new trial.
Let the judgment be reversed and the cause remanded to the Court of Criminal Appeals with directions to order a new trial. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.