555 So.2d 818 (1989)
William Hollis JOHNSON III
v.
STATE.
8 Div. 219.
Court of Criminal Appeals of Alabama.
December 1, 1989.
*819 Cecil M. Matthews, Guntersville, for appellant.
Don Siegelman, Atty. Gen., and Joseph G.L. Marston III, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
William Hollis Johnson III was charged by separate indictments with trafficking in marijuana and possession of cocaine. The cases were consolidated for trial, and a jury found him guilty of both charges. Johnson was sentenced to ten years' imprisonment in each case, to run concurrently, and was fined $25,000 in the trafficking case. Three issues are raised in this appeal from his convictions.

I
Johnson asserts that the verdicts were contrary to the great weight of the evidence.
The state's evidence showed that, on the afternoon of March 7, 1988, Huntsville police investigator William Payne received certain information from one Ardell Moss, a confidential informant. On the basis of this information, Investigator Payne and Moss drove to a gasoline station near Gurley, Alabama, arriving there at approximately 8:30 p.m. on March 8, 1988. Johnson arrived in a tan over brown Chevrolet automobile shortly thereafter. He "threw his hand up" in an apparent greeting to Moss, who returned the gesture.
While Investigator Payne remained in the vehicle in which he and Moss had arrived, Moss and Johnson went to the rear of the Chevrolet. Investigator Payne testified that, after the trunk was opened, Johnson "reached down into the trunk and raised up a baga clear plastic bag and it looked like it had something in it and it was green." Johnson then "opened a bag and reached down and took some of it and put [it] into a piece of paper and wadded it up and handed it to [Moss]." Moss brought the sample to Investigator Payne, who identified the substance in the paper as marijuana.
Johnson was then arrested by other officers on the scene. A styrofoam cooler containing several gallon bags of marijuana was found in the trunk of the Chevrolet. A small bag of marijuana was found in Johnson's pocket. This bag also contained "a small piece of cocaine." The amounts of the marijuana and cocaine were stipulated as 6.01 pounds and 2.9 grams, respectively.
Johnson testified in his own defense and maintained that the Chevrolet was not his car, that it had been loaned to him by the garage where he had left his truck for repairs. He explained that he had stopped at the gas station only to put air in one of the tires. He denied ownership of the drugs, denied that he had given a sample of marijuana to Moss, and denied that the small bag of marijuana was found in his pocket. Johnson stated that, after his arrest, he had requested that the officers fingerprint the bags of marijuana, but that they had refused to do so.
Johnson also attacked the reliability and motives of the informant Moss, who did not testify at trial, and implied that he had been set up by Moss. It was established that Moss had a prior drug-related conviction and that, at the time he furnished information to Investigator Payne, he was aware that he was about to be indicted for crimes involving stolen vehicles and that he had been told that "whatever he did on behalf of the government would be made known to the prosecutors when his trial came."
The weight of the evidence is clearly a different matter from the sufficiency of the evidence. The sufficiency of the evidence concerns the question of whether, "viewing the evidence in the light most favorable to the prosecution, [a] rational fact finder could have found the defendant guilty beyond a reasonable doubt." Tibbs v. Florida, 457 U.S. 31, 37, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982). Accord, Prantl v. State, 462 So.2d 781, 784 (Ala.Cr. App.1984). The evidence in this case is clearly sufficient to support the convictions. See Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App.1986); Ward v. *820 State, 484 So.2d 536, 537-38 (Ala.Cr.App. 1985).
In contrast, "[t]he `weight of the evidence' refers to `a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" Tibbs v. Florida, 457 U.S. at 37-38, 102 S.Ct. at 2216 (emphasis added). We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial. E.g., Franklin v. State, 405 So.2d 963, 964 (Ala.Cr.App.), cert. denied, 405 So.2d 966 (Ala.1981); Crumpton v. State, 402 So.2d 1081, 1085 (Ala.Cr.App.), cert. denied, 402 So.2d 1088 (Ala.1981); Nobis v. State, 401 So.2d 191, 198 (Ala.Cr.App.), cert. denied, 401 So.2d 204 (Ala.1981). "`[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine.'" Harris v. State, 513 So.2d 79, 81 (Ala.Cr. App.1987) (quoting Byrd v. State, 24 Ala. App. 451, 136 So. 431 (1931)). In this case, the conflicting evidence offered by the state and by Johnson simply presented a jury question, Gunn v. State, 387 So.2d 280, 282 (Ala.Cr.App.), cert. denied, 387 So.2d 283 (Ala.1980), and the verdicts rendered thereon are conclusive on appeal, Roberson v. State, 162 Ala. 30, 32, 50 So. 345, 346 (1909); Bragg v. State, 518 So.2d 847, 849 (Ala.Cr.App.1987).

II
Johnson contends that the trial court erred in denying his motion for mistrial made "on the grounds that [his trial] counsel had been misled in a discovery matter concerning where the [cocaine] was found." Appellant's brief at 17.
During direct examination, Investigator Payne identified State's Exhibit 11 as "a small bag of marijuana and there's a small piece of cocaine that was in the bag that was taken off the person of the defendant, Mr. Johnson." Johnson did not object to this answer. The first question posed to Payne on cross-examination by defense counsel (who does not represent Johnson in this appeal) was: "Where was this Exhibit Eleven, please, sir?" When Payne replied, "It was in Mr. Johnson's pocket," defense counsel requested permission to approach the bench. There was then an off-the-record bench conference, followed by a hearing held out of the presence of the jury.
Defense counsel moved for a mistrial during this hearing, asserting that he was surprised by Payne's answer. He stated that he had understood from his conversation with the prosecutor earlier that morning that the bag containing the cocaine was found in the trunk of the car with the other bags of marijuana. The prosecutor stated, "I did not say it was contained in the bags. I said it was in a bag of marijuana. That's what I said, if I remember correctly." Defense counsel did not take issue with this statement, but maintained that "that is not what I understood."
Despite his initial framing of this issue, as quoted above, Johnson does not argue on appeal that the prosecutor misled him.[1] Instead, his argument appears to be that the discovery of contraband in his pocket should have been disclosed prior to trial and that the fact that it was not supports his contention that Payne's testimony was fabricated. Aside from the obvious sophistry of this argument, the fact that contraband was found on Johnson's person was clearly inculpatory, rather than exculpatory, and the state was under no duty to disclose this evidence prior to trial. Ex parte Dickerson, 517 So.2d 628, 630 (Ala.1987); Calhoun v. State, 460 So.2d 268, 272 (Ala.Cr.App.1984). As to Johnson's allegations regarding the fabrication of Payne's testimony, the credibility of a witness is always a question for the members of the jury, for they "have seen and heard the witnesses, and are in position to sift the truth from live testimony far *821 better than a reviewing court can perform this function by reading such testimony in cold type in a record." Autry v. State, 34 Ala.App. 225, 229-30, 38 So.2d 348, 351 (1949) (quoted in Harris v. State, supra). Moreover, this argument was clearly not advanced at trial and, consequently, is not properly before this court. See Griffin v. State, 500 So.2d 83, 89-90 (Ala.Cr.App. 1986); Davis v. State, 440 So.2d 1191, 1194 (Ala.Cr.App.1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984).

III
Johnson argues that the trial court erred in denying his request to review, for cross-examination purposes, a report prepared by Investigator Payne.
Rule 18.1(e), A.R.Cr.P.Temp., provides:
"Except as provided in (a) [concerning statements of the defendant], (b) [concerning statements of co-defendants or accomplices], and (d) [concerning reports of examination and tests], the discovery or inspection of reports, memoranda, witness lists, or other internal state documents made by the district attorney or his agents, or by law enforcement agents, in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses, is not authorized."
Under this rule, Johnson was clearly not entitled to discovery or inspection of this report prior to trial. See also Bogan v. State, 529 So.2d 1029, 1031 (Ala.Cr.App. 1988).
Rule 16(a)(2), Fed.R.Cr.P., is virtually identical[2] to our Rule 18.1(e), as quoted above, but continues: "except as provided in 18 U.S.C. § 3500." Commonly referred to as "the Jencks Act," 18 U.S.C. § 3500 provides in subsection (a):
"In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." (Emphasis added.)
Under subsection (b) of the Jencks Act, only the portion of the statement which "relates to the subject matter as to which the witness has testified" need be produced, and subsection (c) provides for in camera inspection by the trial court where the government contends that the statement contains information which does not relate to the subject matter of the witness's testimony. A statement obtained under this act may be used by a defendant only for impeachment purposes. See Palermo v. United States, 360 U.S. 343, 349, 79 S.Ct. 1217, 1223, 3 L.Ed.2d 1287 (1959).
Although there is no Alabama statute comparable to the Jencks Act, the appellate courts of this state have long held that reports prepared by prosecution witnesses must be produced where the witness has referred to the report when testifying on direct examination. E.g., Ex parte Moore, 540 So.2d 706, 707 (Ala.1988) (where defendant established that police officer referred to his notes during direct examination, defendant was entitled to inspect them for cross-examination purposes); McMurtrey v. State, 44 Ala.App. 658, 659, 219 So.2d 414, 415 (1969) (same). These cases make reference to refreshing the witness's recollection, and in each case it was clearly established that the officer actually referred to his report or notes during his testimony on direct examination. "Once it was established that the witness had referred to the notes [during his examination-in-chief], counsel for the defendant was entitled to inspect them [prior to cross-examination]." Ex parte Moore, 540 So.2d at 707. The record in the present case reveals only that Payne "reviewed [the report] in connection with [his] testimony." There is no indication that he reviewed the report to refresh his recollection while testifying on direct examination. Although the report, or a copy thereof, was present in the courtroom, the record is completely *822 devoid of any information as to whether it was in Payne's possession or the prosecutor's.
In Henry v. State, 46 Ala.App. 175, 239 So.2d 318 (1970), we held that there was no error in the trial court's refusal to permit the defendant to examine an officer's report where the officer reviewed the report prior to trial, but did not have the report in the courtroom and did not refer to it during his testimony. Cf. Hill v. State, 366 So.2d 296 (Ala.Cr.App.1978), affirmed on other grounds, 366 So.2d 318 (Ala.1979) (where prosecution witness referred to her statement prior to testifying, defendant's motion to review the statement was properly denied). However, this holding is suspect in light of the Alabama Supreme Court's opinion in Ex parte Pate, 415 So.2d 1140 (Ala.1981).
In Pate v. State, 415 So.2d 1131, 1139 (Ala.Cr.App.1980), this court held that the defendant was not entitled to inspect statements that "were not used by the victims to refresh their recollections while they were on the witness stand." The Supreme Court reversed this decision, stating:
"The rule of discovery is different where a prosecution witness has testified on direct examination in the trial of the case.
"In such cases, the defendant, upon laying a proper predicate, is entitled to have the Court, at least, conduct an in camera inspection as outlined in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The trial court could determine initially (1) whether the statement made by the witness before trial differed in any respects from statements made to the jury during trial, and (2) whether the statement requested was of such a nature that without it the defendant's trial would be fundamentally unfair. Cooks [v. State, 50 Ala.App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973)]."
Ex parte Pate, 415 So.2d at 1144.
The sole issue in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), cited in Ex parte Pate, concerned an analysis of the Jencks Act. With Ex parte Pate, the Alabama Supreme Court, in essence, adopted the in camera inspection process of subsection (c) of the Jencks Act. See also Cooks v. State, 50 Ala.App. 49, 276 So.2d 634, cert. denied, 290 Ala. 363, 276 So.2d 640 (1973). It also appears that our Supreme Court has implicitly rejected the notion that the witness must actually refer to the statement while testifying on direct examination before the defendant is entitled to the minimum in camera inspection.
Ex parte Pate involved pre-trial statements made by prosecution witnesses. However, this court applied the same principle to police reports in Bogan v. State, 529 So.2d 1029, 1031 (Ala.Cr.App.1988). We note that the federal courts have made it clear that reports of law enforcement officers are subject to the provisions of the Jencks Act. Lewis v. United States, 340 F.2d 678, 682 (8th Cir.1965), and cases cited therein.
Investigator Payne acknowledged at trial that he had "prepare[d] a report in connection with this case." Under these circumstances, as we read Ex parte Pate, Johnson's request to examine this report entitled him, at a minimum, to an in camera inspection of this document by the trial court, regardless of whether Payne actually referred to the document during direct examination. While the trial court did, in fact, review the report during Payne's testimony, it was only to ascertain one specific point (i.e., whether the report stated where the sandwich bag containing cocaine was found). It is clear that the trial court did not follow the entire procedure set forth in Ex parte Pate and Cooks v. State.
Therefore, we remand this cause to the Jackson Circuit Court for the purpose of determining (1) whether the report prepared by Investigator Payne before trial differed in any respect from the testimony given by Payne before the jury during the trial and (2) whether the report was of such a nature that its production was necessary to ensure the fundamental fairness of Johnson's trial. Ex parte Pate, 415 So.2d at 1144-45. The trial court is directed to make written findings of fact on these issues *823 and to forward those findings to this court for further review.
REMANDED WITH DIRECTIONS.
All Judges concur.
NOTES
[1] As stated in his brief, "appellant does not wish to imply that the District Attorney fabricated anything. In fact from the District Attorney's comments to the Trial Judge, it can only be concluded that he himself did not know that the police officer was going to testify that [the cocaine] came from the person of the appellant. All he knew was that it was found in a bag of marijuana." Appellant's brief at 23.
[2] We note that the federal counterpart to our Rule 18.1(b) concerns the defendant's prior record rather than the statements of co-defendants or accomplices.