ON RETURN TO REMAND
BOWEN, Judge.
On original submission, the appellant argued that the trial court erred in denying his request to review, for purposes of cross-examination, a report prepared by Investigator Payne. This court found that the procedures followed in the trial court did not fully comply with the requirements of Ex parte Pate, 415 So.2d 1140 (Ala. 1981), and Cooks v. State, 50 Ala.App. 49, 276 So.2d 634, cert, denied, 290 Ala. 363, 276 So.2d 640 (1973), which set out the procedure to be followed by the trial court in determining whether defense counsel is entitled to examine a witness’s prior statement for use on cross-examination. This court requested the trial court to determine (1) whether the report prepared by Investigator Payne before trial differed in any respect from the testimony given by Payne before the jury during the trial, and (2) whether the report was of such a nature that its production was necessary to insure the fundamental fairness of the trial. 555 So.2d 818.
On remand, the trial court conducted an evidentiary hearing and entered findings of fact. In pertinent part, the trial judge found:
“On remand, the state called Officer William Payne, and he testified that he had his file with him, and the state offered as Exhibit 1 the entire file. There .are several documents therein, but there are two that are material to this inquiry.
“The first is headed ‘Alabama Uniform Arrest Report, CR-1814651, William Hollis Johnson, III.’
“The second is headed ‘Evidence/Property Custody Document, Huntsville Police Department, William Hollis Johnson, III.’
“When objection was made by the defendant’s attorney during the trial and a request to be allowed to review the officer’s report, the first document was supplied to the court, and that is the Alabama Uniform Arrest Report. The court reviewed this document and found no inconsistencies between the information contained therein and the testimony of the officer. The court has again reviewed this document and still finds no inconsistencies and finds that there is nothing in this document that would have rendered the trial fundamentally unfair by it not being produced.
“Apparently Officer Payne also had, somewhere, the second document headed ‘Evidence/Property Custody Document.’
“Officer Payne had testified at trial ‘it’s a small bag of marijuana and there’s a small piece of cocaine that was in the bag that was taken off the person of the defendant, Mr. Johnson.’
*1281 “The Evidence/Property Custody Document does seem to be inconsistent in that it refers to all of the marijuana and the bag containing white powder as having been found in the ‘trunk of the vehicle.’
“This is the only inconsistency that the court finds in either of the documents with the officer’s testimony, and is the only thing contained therein that might tend to render the trial unfair.’
“Nothing herein is to be taken as any finding, or inference, by this court that anyone willfully withheld these documents. As the court recalls, the entire discussion was about the officer’s ‘report,’ and it was furnished to the court for an in camera review. The only request by defense counsel was for the officer’s ‘Report.’ ” (Emphasis in original.)
At trial, Officer Payne testified on direct examination, “It’s a small bag of marijuana and there’s a small piece of cocaine that was in the bag that was taken off of the person of the defendant, Mr. Johnson.” On cross-examination, he indicated that he did not put this in his report:
“Q. [defense counsel] And, I’ll ask you if, in fact, you put in your report in this particular case that you found [the small bag of marijuana containing a small piece of cocaine] on the defendant’s person?
“A. No, sir, I did not.”
From the record before this court, it is clear that defense counsel did not request an in camera inspection of the “Evidence/Property Custody Document” or of all the documents prepared by Officer Payne, but sought only examination of the officer’s “report,” “Absent an objection to an alleged error and a ruling by the trial court, there is nothing for this Court to review.” Showers v. State, 407 So.2d 169, 171 (Ala.1981). See also Ex parte Williams, 548 So.2d 518, 521 (Ala.1989). From the record, it does not appear that anyone, at the time of trial, other than Officer Payne, had any knowledge of the “Evidence/Property Custody Document.” Therefore, any issue with regard to that document has not been preserved for review. In a noncapital case, the defendant on appeal "cannot ... complain of the court’s failure to do what it was never asked to do.” Patton v. Palmer, 555 So.2d 127, 129 (Ala.1989). See also Bell v. State, 535 So.2d 210, 212 (Ala.1988).
Therefore, based on this court’s opinions on original submission and on return to remand, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.