The opinion of December 28, 1990, is withdrawn and the following is substituted therefor:
The defendant, William Hollis Johnson III, was convicted of possession of cocaine and trafficking in marijuana. He was sentenced to 10 years' imprisonment in each case, the sentences to run concurrently, and was fined $25,000 in the trafficking case. On appeal, the Court of Criminal Appeals remanded with instructions to the trial court to review the issue whether the defendant was entitled to an in camera inspection of a report ("Ala. Uniform Arrest Report, CR-1814651, William Hollis Johnson") prepared by a police investigator. See Johnson v.State, 555 So.2d 818 (Ala.Crim.App. 1989). On remand, it was discovered for the first time that the investigator had withheld a second document ("Evidence/Property Custody Document"), which contained material statements inconsistent with his testimony at trial. Nevertheless, on its second review, the Court of Criminal Appeals affirmed the conviction.Johnson v. State, 576 So.2d 1279 (Ala.Cr.App. 1990) (on return to remand). We granted the petition for writ of certiorari to determine whether the State's failure to produce that document was reversible error. We hold that it was; therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause.
The State's evidence tends to show that on March 8, 1988, Investigator William E. Payne, Jr., of the Huntsville Police Department, and Ardell Moss, a confidential informant, drove to a service station near Gurley, Alabama. The defendant arrived shortly thereafter. While Payne remained in the vehicle in which he and Moss had arrived, Moss and the defendant went to the rear of the defendant's vehicle. Payne testified that, after the trunk was opened, the defendant "reached down into the *Page 1283 
trunk and raised up . . . a clear plastic bag and it looked like it had something in it and it was green." Payne further testified that the defendant then removed a small portion of the green material, placed it into a piece of paper, and gave it to Moss. Moss brought the material to Payne, who identified it as marijuana. The defendant was then arrested.
It is without dispute that several gallon bags of marijuana were found in the trunk of the defendant's vehicle. What is in dispute, however, is whether a small bag containing marijuana and cocaine was found on the defendant's person.
It is worthy of note at this juncture that Johnson's lawyer filed a pre-trial discovery motion seeking production of, among other items, "copies of all reports and memoranda connected with the said charges against the defendant; all written statements of witnesses in the possession of the prosecutor relating to the charges against the defendant . . . [and] all memoranda, documents, and reports of all law enforcement officers connected with the subject matter of the indictment."
The defendant testified in his own behalf and maintained that the vehicle he was driving had been lent to him by a garage at which he had left his truck for repairs. He explained that he had stopped at the service station in order to put air in his tires. He further denied ownership of the drugs; denied that he had given any marijuana to Moss; and vehemently denied that any drugs were ever found on his person.
At trial, investigator Payne testified on direct examination that a small bag of marijuana and cocaine (State's Exhibit II) was taken off the defendant's person. Defense counsel made no objection to that testimony. The first question posed to Payne on cross-examination, however, was: "Where was this Exhibit II, please, sir?" When Payne responded, "It was in Mr. Johnson's pocket," defense counsel sought permission to approach the bench. There was then an off-the-record bench conference, followed by a hearing held out of the presence of the jury.[1] During the continuation of the cross-examination of investigator Payne, the following occurred:
 "Q. Did you prepare a report in connection with this case?
"A. Yes, sir, I did.
 "Q. And, have you reviewed that in connection with your testimony?
"A. Yes, sir.
 MR. SALTER [defense counsel]: May I see that report, may it please the Court, for cross-examination?
 MR. DUKE [prosecutor]: We're going to object on the same grounds. It's a work product of the officer.
THE COURT: I sustain the objection."
Relying on this Court's decision in Ex parte Pate,415 So.2d 1140 (Ala. 1981), the Court of Criminal Appeals remanded the case with instructions to determine:
 "(1) whether the report prepared by Investigator Payne before trial differed in any respect from the testimony given by Payne before the jury during the trial and (2) whether the report was of such a nature that its production was necessary to ensure the fundamental fairness of Johnson's trial."
Johnson, 555 So.2d at 822.
As mentioned earlier, it was during the evidentiary hearing on remand that a second document prepared by investigator Payne was uncovered.[2] Pertinent portions of the trial court's findings of fact at that evidentiary hearing are as follows: *Page 1284 
 "Apparently Officer Payne also had, somewhere, the second document headed 'Evidence/Property Custody Document.'
 "Officer Payne had testified at trial 'it's a small bag of marijuana and there's a small piece of cocaine that was in the bag that was taken off the person of the defendant, Mr. Johnson.'
 "The Evidence/Property Custody Document does seem to be inconsistent in that it refers to all of the marijuana and the bag containing white powder as having been found in the 'trunk of the vehicle.'
 "This is the only inconsistency that the court finds in either of the documents with the officer's testimony, and is the only thing contained therein that might tend to render the trial unfair.
 "Nothing herein is to be taken as any finding, or inference, by this court that anyone willfully withheld these documents. As the court recalls, the entire discussion was about the officer's report, and it was furnished to the court for an in camera review. The only request by defense counsel was for the officer's 'Report.' " (Emphasis added.)
On its review following the remand, the Court of Criminal Appeals held that because the defendant "did not request anin camera inspection of the 'Evidence/Property Custody Document' or of all documents prepared by Officer Payne," nothing was preserved for review. See Johnson v. State,576 So.2d 1279 (Ala.Crim.App. 1990) (on return to remand). We disagree.
We are constrained to hold that, under the circumstances, Johnson's pretrial discovery request, coupled with his in-court request to view the officer's "report" (the only document disclosed in response to the request), preserved for review the issue whether the trial court erred in not granting a new trial because of the state's nondisclosure of the "Evidence/Property Custody Document." See our opinion in Ex parte Pate,415 So.2d 1140 (Ala. 1981).
We note that the trial court emphasized that the defendant's discovery motion and his subsequent request for an in camera
review were limited to "the officer's report," and that the Court of Criminal Appeals reasons that, because the defendant did not specifically request an in camera inspection of the later-found "Evidence/Property Custody Document," nothing was preserved for review.
Johnson's pretrial discovery request had asked for copies of "all reports and memoranda connected with the said charges against the defendant." That request was certainly broad enough to include the "Evidence/Property Custody Document." When the existence of that document came to light at the hearing on remand, the scope of the hearing should have been expanded to include the question of whether the failure to produce the "Evidence/Property Custody Document" justified a new trial, in addition to the similar question regarding the "Arrest Report" as to which the remand was expressly directed. Otherwise, the defense lawyer would be placed in the untenable position of being required to request an in camera inspection of an undisclosed document.
Having concluded that the "failure to produce" issue was properly preserved for review, we now turn to the merits of the issue. In light of the defendant's defense — that he was not in possession of the illegal drugs — the trial court's observation that the inconsistency between the unproduced document and the officer's testimony was "the only thing . . . that might tend to render the trial unfair" can only be characterized as an understatement of the legal significance of the inconsistency. We need not belabor the point, except to say that the "second document," which not only contradicted the arresting officer's sworn testimony at trial, but also was consistent with the defendant's theory of defense, should have been made available to the defendant. Therefore, the Court of Criminal Appeals erred in affirming the trial court's refusal to grant a new trial.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED. *Page 1285 
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] "Defense counsel moved for a mistrial during this hearing, asserting that he was surprised by Payne's answer. He stated that he had understood from his conversation with the prosecutor earlier that morning that the bag containing the cocaine was found in the trunk of the car with the bags of marijuana. The prosecutor stated, 'I did not say it was contained in the bags. I said it was in a bag of marijuana. That's what I said, if I remember correctly.' Defense counsel did not take issue with this statement, but maintained that 'that is not what I understood.' " Johnson, 555 So.2d at 820.
[2] The defendant does not in any way suggest that the district attorney had prior knowledge of the second document before it was disclosed during the evidentiary hearing on remand.